### ANTONIO CARRASCO V. THE STATE.

*No. 762. Decided June 8.*

1. **New Trial—Newly Discovered Evidence—Affidavit for—Requisites of.—** A motion for new trial on the ground of newly discovered evidence must be sworn to by defendant; and this must not only be done, but defendant's affidavit must negative the fact that he was cognizant of the alleged newly discovered evidence at the time of the trial.

2. **Conflicting Evidence—Practice on Appeal.—**Where evidence is directly conflicting, the court on appeal will not disturb the judgment.

APPEAL from the District Court of Presidio. Tried below before Hon. C. N. BUCKLER.

This appeal is from a conviction for horse theft, the punishment being assessed at five years in the penitentiary.

No statement necessary.

No briefs have come to the hands of the Reporter.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The conviction herein was for horse theft. The ground of the motion for a new trial setting up newly discovered evidence is not sworn to by appellant, as required by law. Said motion is signed by his counsel, but is not sworn to by appellant or his counsel. Tuttle v. The State, 6 Texas Crim. App., 556; Campbell v. The State, 29 Texas, 490; Williams v. The State, 7 Texas Crim. App., 163. This must not only be done, but such affidavit must negative the fact that appellant was cognizant of the alleged newly discovered evidence at the time of the trial. If he was aware from any source of this evidence at the time of the trial, he should have produced it, or sought postponement to obtain it. It would be no excuse for diligence that the witnesses who are to detail the newly discovered evidence had not themselves informed appellant of their evidence. If he obtained such information from any source, whether the witnesses or others, it would be sufficient to require him to use all necessary diligence to obtain it at the trial. Hence it is requisite, in alleging newly discovered testimony, that the defendant should negative his knowledge of such evidence when this is made a ground for new trial.

The remaining questions relate to the sufficiency of the evidence to support the verdict and judgment. There was a direct conflict in the testimony. If appellant purchased the horse of the owner, he was not guilty; if he did not, he was guilty of the theft under the facts of this case. The jury decided this issue against appellant, and the other facts and circumstances proved on the trial fully sustain the theory of theft.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.