BILL SYKES v. THE STATE.

No. 4316. Decided March 11, 1908.

**1.—Burglary—Continuance—Want of Diligence.**

Upon trial for burglary it was encumbent upon the defendant to show in his application for continuance with sufficient clearness and accuracy, the character of diligence which he used, including the nature and character of the process issued and the diligence used to obtain the service thereof, and where the application did not show this it was properly overruled.

**2.—Same—Newly Discovered Evidence—Motion for New Trial.**

Where the motion for new trial was not verified, and did not name witnesses, by whom the alleged facts could be established, the matter of newly discovered evidence could not be considered upon appeal.

**3.—Same—Argument of Counsel—Bill of Exceptions.**

Where upon appeal from a conviction of burglary, a bill of exceptions was not reserved to argument of State's counsel the matter could not be considered.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. J. K. P. Gillaspie.

Appeal from a conviction of burglary; penalty, eight years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—The appellant was indicted in the Criminal District Court of Harris County, on a charge of burglary, and on trial was

convicted and his punishment assessed at confinement in the State penitentiary for eight years.

The principal ground relied upon and the only one we think that can seriously be considered is the assignment calling in question the action of the trial court in overruling appellant's motion for a continuance. The indictment was returned on January 9, 1908. The application for a continuance was made on the 15th day of January, 1908, and a continuance was sought on account of the absence of Thomas Sykes. In stating the residence of this witness, the application for continuance says: "That this defendant is informed that the said Thomas Sykes for some time past has been living in Temple, Texas, and it is a fact that the said Thomas Sykes mailed the last letter he wrote his father, the defendant herein, in Temple, Texas; that this defendant has used due and sufficient diligence according to circumstances, to procure the attendance of the said Thomas Sykes as a witness in his behalf herein, to wit: Attorney for defendant was brought in the case Monday, Jan. 13, 1908, and caused process to issue the same day for the said witness at Temple, Texas." The nature and character of this process or what became of same is not otherwise shown in the application. The date of the arrest of appellant does not appear in the record. Whether this process was ever returned does not appear in the record. It is incumbent upon every person seeking a delay of his case or when asking for a continuance, to state with sufficient clearness and accuracy, to advise and inform the court the character of diligence used, including the nature and character of the process issued and the diligence used to obtain the proper service thereof, before he can demand a delay in the trial of his cause. We do not believe, as here presented, that the diligence was sufficient, nor is it by any means certain, that the testimony sought by this witness was of such a character as would likely change the result of the prosecution.

The next ground of the application is that a new trial should be granted, because new testimony, material to the defendant in his proper defense has been discovered since the trial of this cause, to wit: it has been discovered that defendant is bordering on insanity and is partially insane, and is wholly incapacitated to put forth the facts as they really exist in his case, which is calculated to injure the rights of the defendant, unless the jury trying him had an opportunity of taking same into consideration. This motion is not verified even by the affidavit of the appellant, nor are there witnesses named by whom the alleged facts could be established, nor is said motion accompanied by any affidavit of any witness or witnesses. Clearly, as presented, this matter cannot be considered by us.

Again, it is insisted that a motion for a new trial should be granted because the prosecuting attorney in his address to the jury remarked: "A man who will do what this nigger has done why the penitentiary is too good for him," which said remark, it is averred, was calculated to injure the rights of appellant. This matter is not preserved by any bill

of exceptions, nor are the facts presented in any such way as calls upon us to reverse the case.

Finding no error in the record, it is ordered that the judgment of the court below be, and the same is hereby in all things affirmed.

*Affirmed.*