SELLERS ANDRES v. THE STATE.

No. 6143.    Decided March 16, 1921.

1.—Intoxicating Liquors—Equipment—Jurisdiction—Federal and State Law.

The contention that the United States District Court should have assumed jurisdiction of the offense because this was made exclusive by the Act of Congress known as the Volstead Act, has already been adversely decided to the defendant. Following Ex Parte Gilmore 88 Texas Crim. Rep.. 529.

2.—Same—Indictment—Motion to Quash—Transcript.

Where, upon trial of having in his possession certain equipment for making liquor capable of producing intoxication, the defendant filed a motion to quash the indictment, but the record on appeal failed to show that any motion to quash the indictment was ever filed, the matter cannot be considered. However, upon examination of the indictment, the same is considered sufficient.

3.—Same—Motion For New Trial—Newly Discovered Evidence—Affidavit.

Where the motion for new trial, because of newly discovered evidence, was not supported by affidavit of either the defendant or his counsel, the same cannot be considered on appeal. Following Vick v. State, 51 S. W. Rep., 1117; besides, conceding that the absent witness would have testified to all that he knew as shown by his affidavit, the same would not have changed the result of the instant trial, and there was no reversible error in overruling the motion.

Appeal from the District Court of Sabin. Tried below before the Honorable J. T. Adams.

Appeal from a conviction of possessing certain equipment for the manufacture of intoxicating liquors; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Minton & Lewis,* for appellant.—On question of newly discovered evidence: Strickland v. State, 13 Texas Crim. App., 364; McCleavland v. State, 24 id., 202; Hart v. State, 21 id., 163.

*C. M. Cureton,* Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted of having in his possession certain equipment for making liquor capable of producing intoxication, and his punishment fixed at three years confinement in the penitentiary.

In his first bill of exceptions appellant complains of the jurisdiction of the court, wherein he contends that the United States District Court for the Eastern District of Texas has exclusive jurisdiction of said offense by virtue of the provisions of the P. C. of the laws of the United States of America, and embodied in what is known as the Volstead Act. The appellant's contention in this is without merit. See Ex parte J. W. Gilmore, 88 Texas Crim. Rep., 529, and Ves Banks v. State, 88 Texas Crim. Rep., 380, recently decided by this court.

Appellant's second bill of exceptions complains of the court's action in overruling his motion to quash the indictment. The record fails to show that any motion to quash the indictment was ever filed and this contention can not be considered. However, upon an examination of the indictment we discover no vice in it. He also complains in this second bill of exceptions that the trial court erred in overruling his motion for new trial which he claims he was entitled to by reason of newly discovered evidence in the person of a witness by the name of H. S. Strickland. The motion for new trial, after setting out substantially what appellant expected to prove by the witness H. S. Strickland, does state that neither he nor his counsel had any information of what said witness would swear until after the trial of this case, but his motion for new trial is not sworn to either by himself or his counsel, but he does attach the affidavit of said Strickland in which affi-

davit the witness says that he did not disclose what he knew about the case until the termination of the trial, and so far as he, the witness, knew, neither appellant nor his counsel was aware of the facts to which he would testify. Where a motion for a new trial sets up newly discovered evidence it is necessary that the same be sworn to by appellant or his counsel. In the case of Vick v. State, 51 S. W. Rep., 1117, this court, speaking through Judge Davidson, said: "Among other things, appellant moved for a new trial upon the ground of newly discovered testimony . . . Neither appellant nor his counsel makes affidavit that said testimony was newly discovered. It is alleged in the motion that these facts were unknown to defendant but the motion is not sworn to. As presented this is not a sufficient showing to present the question for revision." In the case of Carrasco v. State, 34 Texas Crim. Rep., 565, the same Judge speaking for this court said: "The ground of the motion for new trial setting up newly discovered evidence is not sworn to by appellant as required by law. Said motion is signed by his counsel but is not sworn to by appellant or his counsel. This must not only be done, but such affidavit must negative the fact that appellant was cognizant of the alleged newly discovered evidence at the time of the trial. If he·was aware, from any source, of this evidence at the time of the trial, he should have produced it or sought postponement to obtain it. It would be no excuse for diligence that the witnesses who are to detail the newly discovered evidence had not themselves informed appellant of their evidence." See also Jeffreys v. State, 51 Texas Crim. Rep., 566; Marquez v. State, 41 Texas Crim. Rep., 85; Martin v. State, 57 Texas Crim. Rep., 595; Sykes v. State, 53 Texas Crim. Rep., 165; Barber v. State, 35 Texas Crim. Rep., 70; Hall v. State, 33 Texas Crim. Rep., 191; Love v. State, 3 Texas Crim. App., 501. What has been said heretofore would perhaps be sufficient to dispose of this contention on the part of appellant, but we think the motion for new ·trial on account of newly discovered evidence could also be disposed of on another ground. The defendant himself testified that the equipment for making intoxicating liquor, the possession of which he is charged with, was received by him from a negro by the name of John Dolby, whom appellant claims gave him the equipment together with some mash a short time before the officers discovered it at appellant's house. He claimed that Dolby told him that he understood the officers were in the neighborhood, and that he wanted to make his get-a-way, and that he took the mash in order to feed it to his hogs, but he does not explain what he expected to do with the equipment for the manufacture of liquor. He testified in substance that he "was in the woods toating this up from where this fellow John Dolby gave it to me. It was *betwixt* 10 and 11 o'clock when John Dolby came to my house that morning and gave me this stuff. I got the can from down on the branch about 200 yards from where he left the pipe trough. I goes down there and toats up the chops and put them in the barrel, and puts the other old barrel on my back and toats

it up and empties the water off and pours it into that barrel  .  .  . and went back and got the pipe and brought it there." All the witness H. S. Strickland pretended to know about the matter is disclosed by his affidavit, which is to the effect that on the morning of the day that appellant was arrested and the still equipment was found at his house, he was on a search for something to drink and was directed by someone to go over on the branch in the rear of where Sellers Anders then lived, and that while on the search for some liquor, he met two negro men who were going in the direction of Anders' house, one of whom was carrying in his hand what looked to be a crooked piece of iron pipe about four feet long, and a five gallon tin can; and that the other negro was carrying a small wooden trough, and he claimed he asked these negroes about something to drink and was told by them that there was none to be had. The appellant in his testimony said nothing about meeting a man who made any inquiry. If appellant was one of the negroes who met Strickland he certainly knew that he had met someone and that an inquiry had been made of him, and yet he is silent as to this. Appellant's explanation of the newly made and still warm corn whisky discovered on his premises was that he did not know it was there for the purpose of feeding his hogs. Appellant may have intend- there, and that the mash in the barrel which was still hot had been put ed to feed the mash to the hogs, but he could not have made the same use of the barrel, pipe and other equipment necessary to manufacture liquor. Conceding that the witness Strickland would have testified to all that he knew, as shown in his affidavit, we are of the opinion that it would not have changed the result of this trial, because it would only have added information as to the manner in which this equipment got to the appellant's house and in his possession, and that is the charge appellant was called upon to answer to the law.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*