## Annis Jackson v .The State.

No. 16875. Delivered October 10, 1934.
Rehearing Denied November 7, 1934.
Reported in 75 S. W. (2d) 441.

The opinion states the case.

*R. D. Evans, Joe Trippet,* and *J. D. Willis,* all of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder without malice, and her punishment assessed at confinement in the State penitentiary for a term of five years.

On the morning of November 23, 1933, Anna Ray, at the request of the appellant, went to the home of appellant and her husband, Ed. Jackson, the deceased, to assist them in cooking some chile. While thus engaged, a verbal controversy arose between appellant and deceased in which deceased referred to the appellant as a fool, whereupon the appellant entered her home and returned with a pistol and fired one shot at deceased's feet without any effect when the deceased remarked, "If she don't put up that gun, I will whip her ears off." Anna Ray, who was on the premises by invitation of appellant, also requested her to put up the gun, to which appellant replied, "You get out and go home. I don't want you to see this," and then turned to her husband, Ed. Jackson, and said, "I would kill you this morning if I wasn't afraid I would go to jail." The appellant, with tears running down her cheeks, began to turn the cylinder in the pistol and said, "I am not going to let you

run over me." When the deceased saw this, he rushed towards her and as he got nearly to her she raised up and shot him near the heart. The appellant's plea was self-defense, and in support thereof she testified that the first shot she made she did not intend to shoot the deceased at all, that she merely fired the pistol to scare him; that the second shot was fired by her when the deceased was rushing at her and she believed that he would kill her or inflict serious bodily injury upon her because he had theretofore on several occasions whipped and beat her; that she fired the second shot to stop him.

The court in his charge submitted to the jury the law of murder with malice aforethought, murder without malice, and self-defense, to which charge the appellant in due time objected because the court had failed to charge on the law of aggravated assault and battery. We do not believe the court's failure to charge on aggravated assault and battery in this case was error for the reason that the appellant testified that when deceased rushed at her she was afraid he would kill her or inflict serious bodily injury upon her and that she shot him to stop him. If, by shooting him, she intended to stop him from killing her or from inflicting serious bodily injury upon her, then the appellant acted in self-defense, and if the jury so believed or had a reasonable doubt thereof, she was entitled to an acquittal, but if the jury believed from all the facts and circumstances of the case that appellant intended to kill deceased and that deceased at the time made no hostile demonstration or had done no act from which it reasonably appeared to the appellant, viewed from her standpoint, that he was about to kill or inflict serious bodily injury upon her, then the conviction was warranted. It is true that the deceased rushed at her but she produced the occasion which induced him to rush at her in an endeavor to disarm her. From the light of the record before us, we have reached the conclusion that the jury had sufficient facts and circumstances upon which to base its finding. In support of the views herein expressed we refer to the case of Woodring v. State, 33 Tex. Crim. Rep., 26. If the difficulty had ended upon the firing of the first shot, which did not strike the deceased and which appellant testified was fired by her merely to scare him, then the issue of aggravated assault or some lesser offense would have been raised and there would be some merit in her contention. See Hadnot v. State, 7 S. W. (2d) 566; Collins v. State, 299 S. W., 403; Myatt v. State, 26 S. W. (2d) 915.

Bills of exception Nos. 2, 3 and 4 have been examined and in our opinion are without merit.

Bill of exception No. 5 relating to the court's failure to charge the law of aggravated assault and battery has already been disposed of adversely to the appellant's contention.

The appellant's next complaint is that the court erred in overruling his motion for new trial on the ground of newly discovered evidence relating to the appellant's mental condition. In the motion for new trial it is alleged that the appellant's mother is subject to epileptic fits and fainting spells and that the appellant's brother is an inmate of the criminal institution for the insane, but the motion for new trial is not sworn to nor has the appellant supported the allegations therein by affidavits or oral testimony. Under such circumstances this court is not authorized to review the action of the trial court in overruling the appellant's motion for new trial, and in support of the views herein expressed we refer to the following authorities: Sykes v. State, 53 Texas Crim. Rep., 165, 108 S. W., 1179; Martin v. State, 57 Texas Crim. Rep., 595, 124 S. W., 683; Vick v. State, 51 S. W., 1117; Barber v. State, 31 S. W., 649.

It is our opinion that the trial court submitted in his charge every issue that was raised by the evidence and that the case has been properly tried and disposed of. Therefore, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant makes an urgent motion for rehearing, ably supported and presented by oral argument. It being settled both by the statute and the decisions of this court, that the jury are to pass on the credibility of the witnesses and the weight to be given their testimony,—we feel impelled to accept the jury's conclusion that notwithstanding the testimony shows appellant's husband was advancing upon her at the time she shot and killed him, it did not appear to her, when viewed from her standpoint, that she was in danger of death or serious bodily injury when she shot.

In addition to his main charge in which he told the jury to acquit appellant if they believed that, viewed from her standpoint at the time, she had a reasonable expectation or fear of

death, or serious bodily injury at the hands of deceased,—the court also gave two special charges asked by appellant presenting practically every possible defensive theory supported by any testimony in the case. In short, the case was put before the jury in the most favorable way upon the legal questions involved, and the jury having exercised their prerogative and found against appellant on the facts,—we would be without our proper domain if we declined to uphold their verdict. Under the testimony beyond question, after words with her husband, appellant did go and get a pistol which she fired at him,—as testified to by State witness Ray,—and then in a few minutes when deceased made a run at appellant, she shot again,—this time killing him. The verdict was for murder without malice. It is not our province but that of the jury to say whether appellant had reasonable ground for believing her life or person in danger. The jury have said she did not.

The motion for rehearing will be overruled.

*Overruled.*