## JOHN DONAHUE *v.* THE STATE.

No. 8570.  Delivered November 18, 1925.

**1.—Manufacturing Intoxicating Liquor—Evidence—Bearing on Intent— Held, Admissible.**

Where, on a trial for manufacturing intoxicating liquor, evidence of a witness that he had bought whiskey from appellant at his residence, about one-fourth of a mile from the place where the liquor is alleged to

have been manufactured, was properly admitted. This testimony was admissible as bearing on the appellant's intent in manufacturing the liquor. Following Terry v. State, not yet reported; Dameron v. State, 97 Tex. Crim. Rep. 172.

### 2.—Same—Bill of Exceptions—Qualifications by Court—Control.

Where a bill of exception complaining of the admission of evidence, on its face may show error. but as qualified by the court shows that the evidence was admissible, no error is presented to us. The court's qualifications to a bill of exceptions controls, and if accepted by appellant, he is bound by the qualifications, and will not be heard to complain as to such qualifications on appeal.

### 3.—Same—Motion to Quash Jury Panel—Agreement of Counsel—Practice on Appeal.

Where a motion to quash the jury panel was presented in the trial court, and an agreement on appeal is signed by counsel for the State and defendant, that in passing on such motion, this court shall consider the evidence presented in the case of State v. Atwood, such agreement will not be considered by us. The record before this court in each case must be complete before it will be considered. We cannot look to the testimony of another case in passing upon questions presented in another case. No error is shown in the trial court in the overruling of the motion to quash the jury panel. See Art. 924, Vernon's C. C. P., and the many authorities cited thereunder.

Appeal from the District Court of Eastland County. Tried below before the Hon. George L. Davenport, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty two years in the State penitentiary.

The opinion states the case.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Eastland County for the offense of manufacturing liquor and his punishment assessed at confinement in the penitentiary for a term of two years.

The evidence is sufficient to support the verdict.

By bill of exceptions No. 1 appellant complains at the court's action in permitting the witness Goforth to testify to the purchase of a quart of whiskey from the appellant at his residence about one-fourth of a mile from the place where the liquor is alleged to have been manufactured. This testimony was admissible as bearing on the appellant's intent in manufacturing the liquor. Terry v. State, not yet reported. Dameron v. State, 97 Tex. Cr. Rep. 172.

By bill of exceptions No. 4 complaint is made at the action of the court in permitting the State to prove by a witness that he found a large still concealed in an oil tank near the residence of the appellant on New Year's night, 1923. The objection to this testimony is that there is no testimony tending to connect the defendant with the still and same was not on the premises owned or controlled by the defendant, or that defendant had any knowledge of the still. The court qualifies this bill by saying that the same witness testified that the still was about one hundred and fifty yards from a well which was being pumped by the defendant at the time; and that another witness had testified that he knew the defendant and that he had seen this defendant about this tank where this still was found in December and that he had seen him going away from this tank with a sack that had something in it, and that he was familiar with this tank and had never seen anyone else except the defendant around said tank. Under this qualification, no error is shown in the admission of this testimony.

By bill of exception No. 2, appellant complains at the court's action in refusing to quash the jury panel for reasons stated in the motion to quash. The motion filed in this case is an exact copy of the motion filed in the case of Atwood v. State, 96 Tex. Cr. Rep. 249, which was reversed by this court. In the Atwood case, the evidence in support of said motion to quash was taken and considered by the court and presented to this court by proper bill of exception. In this case no evidence was offered so far as this record shows on the hearing of the motion. There is before this court, however, an agreement entered into between the attorneys for the State and defendant and approved by the trial court, which was forwarded to this court on March 25, 1925, to the effect that it was agreed that the court would consider on the motion to quash the same facts as being in evidence as was introduced in the case of the State v. Atwood, supra, and it was agreed that this court may consider as in the record in this case, the record in the Atwood case, on the motion to quash the jury panel. We regret that we cannot consider testimony taken in another case. The record before this court in each case must be complete before it will be considered. It has never been the practice in this court and we will not now begin the practice of considering the testimony in one case in connection with the testimony in another subsequent case that may be filed in this court. To do so would lead to endless confusion and would be out of harmony with all the known rules of appellate practice. We regret that appel-

lant has been denied the right to have this question reviewed. but it is due to no fault of this court and we can pass on a record only as it is presented here.

As above stated, the record as presented fails to show that any testimony was introduced on appellant's motion to quash and the appellant's complaint at the court's action in overruling it is without merit when viewed from the standpoint of the record as filed in this case. Art. 924 Vernon's C. C. P., and the many authorities cited thereunder.

Finding no error in the record requiring a reversal of this case, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.