ENYEART, APPELLANT, *v.* DRIVER, APPELLEE.

(No. 471—Decided November 14, 1952.)

*Mr. Leo H. Faust,* for appellant.
*Mr. Paul G. Gingrich,* for appellee.

WISEMAN, J. This is an appeal on questions of law and fact from a judgment of the Common Pleas Court of Miami County in a will construction suit. It was stipulated by counsel that the matter be submitted to the court on the allegations in the pleadings.

The testatrix, Elizabeth E. Enyeart, died January 27, 1922. Thereafter, her last will and testament was admitted to probate by the Probate Court of Miami County. The testatrix died seized in fee simple of a piece of real property. The second item of her will provides:

"Second: I give, devise and bequeath to my son, Charles F. Enyeart and my daughter, Leatha Driver my farm located in Newberry township, Miami county,

state of Ohio, and containing about forty-two acres of land, for the term of their natural lives, and at their death said lands shall descend to my nearest blood descendants if any are living, but, if any such blood descendants shall not exist then said lands shall pass to my three sisters if living, and if deceased then to their descendants in equal shares.''

Both the son, Charles F. Enyeart, and the daughter, Leatha A. Driver, survived the testatrix and took a life estate in the property. On May 25, 1945, Charles F. Enyeart died intestate, leaving the plaintiff, Harold F. Enyeart, his only child and the nearest blood descendant of Elizabeth E. Enyeart, except Leatha Driver, the daughter of the testatrix who is still living.

The question presented is: On the death of Charles F. Enyeart, did the plaintiff take a vested estate in fee simple in the undivided one-half interest in the real property free of the life estate of Leatha A. Driver, or did the defendant, Leatha A. Driver, as survivor of the life tenants, become possessed of a life estate in the entire property?

Plaintiff, appellant herein, contends that at the death of Charles F. Enyeart, there being no express survivorship provision in the will, the life estate of Charles F. Enyeart terminated and did not inure to the benefit of Leatha A. Driver during her life, and that upon the death of Charles F. Enyeart, the plaintiff, as the nearest blood descendant of Elizabeth E. Enyeart, was entitled to immediate possession of an undivided one-half interest in such property.

This construction would do violence to the clear and unambiguous provisions of the will. The property does not pass to the blood descendants until the life estates are terminated, and, when the property passes, the entire interest, and not an undivided interest, passes to the nearest blood descendants. At this date the nearest blood descendant is Leatha A. Driver,

but clearly the testatrix did not include Leatha A. Driver in the class of nearest blood descendants. The "nearest blood descendants" are to be determined as of the date of the termination of the life estates.

The law of Ohio with respect to joint ownership with the right of survivorship under contract (*In Re Estate of Hutchison,* 120 Ohio St., 542, 550, 166 N. E., 687) has no application here. In the case at bar, the matter to be determined is the intention of the testatrix. The question presented is whether, construing the will from its four corners, the testatrix intended to give Leatha A. Driver a life estate in the whole or in only the undivided one-half interest in the real property. It is reasonably clear that the testatrix expected one of her children to survive the other, and that the survivor would be entitled to the life estate in the whole. In truth, only one life tenancy was created, which terminates upon the death of the survivor. The life tenancy is to be enjoyed by two persons until the death of one, and thereafter, it is to be enjoyed by the survivor in the whole of the property. This construction is in accord with the manifest intention of the testatrix.

*Judgment accordingly.*

HORNBECK, P. J., and MILLER, J., concur.