Daniel GARZA, Appellant,

v.

The STATE of Texas, Appellee.

No. 58517.

Court of Criminal Appeals of Texas, Panel No. 2.

Jan. 30, 1980.

On Rehearing Sept. 23, 1981.

Rehearing Denied Oct. 28, 1981.

Jimmy Phillips, Jr., Angleton, for appellant.

Carol S. Vance, former Dist. Atty., John B. Holmes, Jr., Dist. Atty., Calvin A. Hartmann and Richard Cobb, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

This is an appeal from a conviction for the offense of delivery of heroin wherein the jury assessed appellant's punishment at confinement in the Texas Department of Corrections for a term of thirty-five years.

Appellant presents ten grounds of error for our consideration: that the trial court erred in failing to grant his motion to quash the indictment; that a timely requested charge on circumstantial evidence was erroneously refused; that the trial court incorrectly applied the law to the facts of the case in charging the jury; that the trial court erred in refusing to permit appellant to call jurors on his motion for new trial to demonstrate purported jury misconduct; that the trial court erred in failing to excuse juror Clark for cause upon timely request; that a motion for severance was erroneously overruled; that the trial court erred in refusing to allow discovery and inspection of a tape recording between appellant and undercover agents; that the

prosecutor engaged in improper argument during the punishment phase of the trial; that the evidence is insufficient to support the jury verdict; and that appellant was a victim of prosecutorial vindictiveness when, after refusing to plead to possession of heroin, he was reindicted on the more serious charge of delivery of heroin. We find the first ground is dispositive of this appeal. It will be granted and the judgment reversed.

The indictment is simple enough—paraphrasing it, that appellant did deliver heroin to Jerry Powell. But "deliver" now carries several connotations.[1]

In his motion to quash appellant asserted that its allegations "are insufficient to put the Defendant on notice of what type of delivery the state will rely on to prove its accusation . . . [and it is] . . . impossible for the Defendant to know against what proof he must prepare his defense."

As we characterized it in *Cruise v. State*, 587 S.W.2d 403, 404 (Tex.Cr.App.1979), "This complaint, having been properly asserted,[2] calls into question the adequacy of the constitutional requisite of notice to the accused and, therefore, requires our consideration of it from his perspective." Recent cases have considered the issue of adequate notice when raised by a motion. Their common thread is that when the underlying statute denouncing the offense prescribes, or permits conviction on, more than one set of circumstances, "the accused is not required to anticipate any and all variant

facts the State might hypothetically seek to establish," *Drumm v. State*, 560 S.W.2d 944, 947[3] (Tex.Cr.App.1977), but by his motion or exception may insist on "a specific allegation of what the State will rely upon to convict," *Amaya v. State*, 551 S.W.2d 385, 387[4] (Tex.Cr.App.1977). Also *Cruise v. State*, supra, at 405.[5]

So here, delivery of a controlled substance may be accomplished in at least three quite different situations: actual transfer, constructive transfer and the entirely distinct offer to sell. More so, then, than in the prior decisions of the Court discussed above, our appellant needed the notice he sought. Unlike *Drumm, Amaya* and *Cruise*, where some allegation of a factual matter was called for, what appellant wanted the State to interline was its legal theory of just which kind of delivery was going to be shown by the facts it did prove.

While the indictment alleges facially that an offense against the law was committed, in this controlled substance case it does not show on its face facts necessary to give notice of precisely what he is charged with nor to bar a subsequent prosecution for the same offense. *Terry v. State*, 471 S.W.2d 848, 852 (Tex.Cr.App.1971); *Haecker v. State*, 571 S.W.2d 920 (Tex.Cr.App.1978); *Cruise v. State*, supra; *Amaya v. State*, supra; *Drumm v. State*, supra; cf. *Pollard v. State*, 567 S.W.2d 11, 13 (Tex.Cr.App. 1978). Ground of error one must be sustained.

---

1. Defined in Article 4476–15, § 1.02(8), V.A. C.S., it means "the *actual* or *constructive* transfer from one person to another of a controlled substance . . . [and] includes an *offer* to sell a controlled substance." (All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.)

2. As to the State's contention that the motion was untimely filed, we note that Article 28.10, V.A.C.C.P., provides that any matter of form may be amended at any time before announcement of ready for trial upon the merits, and Article 28.09, *id.*, contemplates that the defect will be cured by amendment and the trial shall proceed upon the amended indictment— amendment by immediate interlineation being permissible, *Flores v. State*, 82 Tex.Cr.R. 107,

198 S.W. 575, 577 (Tex.Cr.App.1917); see also *Amaya v. State*, 551 S.W.2d 385, 387 (Tex.Cr. App.1977).

3. The particular ground for prior suspension of driver's license was required to provide adequate notice to one accused of driving while license suspended.

4. One accused of welfare fraud is entitled to notice of the content of the particular willfully false statement the State intends to prove.

5. Charged with the offense of robbery by causing serious bodily injury, an accused must be informed of the precise manner which the State claims caused the bodily injury.

Several of the other grounds of error arise from the same problem and upon a retrial are not likely to occur.[6]

The judgment is reversed and the indictment is ordered dismissed.

Before the court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

TOM G. DAVIS, Judge.

Appeal is from conviction for delivery of heroin. The jury assessed punishment at 35 years. Upon original submission the panel reversed the conviction and dismissed the indictment holding that the trial court erred by denying appellant's motion to quash the indictment for failure to specify manner of "delivery." [1]

In its motion for rehearing the State contends that appellant filed no motion to quash the indictment. Appellant was tried jointly with codefendant Aaron Ferguson. At trial appellant was represented by the Honorable John J. Herrera and Ferguson was represented by the Honorable Jimmy Phillips, Jr. Appellant timely filed a bill of exception averring inter alia that the trial court had granted appellant's motion "that for the purposes of Appeal, any objection made by the Attorney for the Defendant, Aaron D. Ferguson, whether through pretrial or trial motions and whether in the form of formal motions or objections during the course of trial ... [be] taken as if the Defendant, Daniel Garza, or his attorney had made such objections and motions...." The bill was not acted upon by the trial court.

■ A timely filed bill of exception not acted upon by the trial court is deemed approved without qualification. Art. 40.09, Sec. 6(a), V.A.C.C.P.; see *Herrin v. State*, Tex.Cr.App., 525 S.W.2d 27; *Dickhaut v. State*, Tex.Cr.App., 493 S.W.2d 223. Nevertheless, a bill of exception must be complete within itself and must stand or fall by its own allegations. *Herrin v. State*, supra. The bill must plainly set out any error sought to be preserved for review. *Herrin v. State*, supra. The bill of exceptions before us contains no motion to quash the indictment. It does not even contain any specific reference to a motion to quash. The instant bill of exceptions presents nothing for review. See *McClelland v. State*, Tex.Cr.App., 389 S.W.2d 678 (motion to quash not attached to a bill of exceptions nor incorporated by reference—nothing presented for review); *Andres v. State*, 229 S.W. 503, 89 Tex.Cr.R. 18 (bill of exceptions complaining of court's action overruling motion to quash indictment cannot be considered where record fails to show motion to quash was filed).

■ The record before us contains no motion to quash the indictment. While appellant filed objections to the record on two separate occasions pursuant to Art. 40.09, Sec. 7, V.A.C.C.P., none of these objections relate to the omission of a motion to quash the indictment. In *Lynch v. State*, Tex.Cr.App., 502 S.W.2d 740 we stated: "[W]here the absence of material from the record is occasioned by the oversight or non-objection of the accused, it has generally been held that any error in the record has been waived." *Id.* at 741 (on motion for rehearing). See *Paige v. State*, Tex.Cr.App., 573 S.W.2d 16; *Stockton v. State*, Tex.Cr.App., 487 S.W.2d 69; *Johnson v. State*, Tex.Cr.App., 466 S.W.2d 744. In his brief, appellant has directed us to the appellate record of his codefendant for a copy of the motion to quash the indictment. See *Ferguson v. State*, 622 S.W.2d 846 (Tex.Cr.App. 1980). We decline to review the records of another case to find support for contentions raised in this appeal. See *Parker*

---

**6.** As to the failure to charge on circumstantial evidence, since we cannot know for what legal theory the State will exercise its option, we merely invite attention to the doctrine that instructing on the law of parties is not sufficient to protect the rights of an accused if circumstantial evidence is relied on by the State to establish his guilt as a party; see, e. g., *McBride v. State*, 486 S.W.2d 318, 320 (Tex.Cr. App.1972).

**1.** Art. 4476–15, Sec. 1.02(8), V.A.C.S., defines delivery as an actual or constructive transfer of or an offer to sell a controlled substance.

*v. State,* Tex.Cr.App., 545 S.W.2d 151 n. 6; *Salinas v. State,* Tex.Cr.App., 542 S.W.2d 864 ("the general rule is that an appellate court cannot go to the record of another case for the purpose of considering *testimony* not shown in the record of the case before it."); *Hale v. State,* Tex.Cr.App., 509 S.W.2d 637; *Jones v. State,* Tex.Cr.App., 478 S.W.2d 937; *Donahue v. State,* 277 S.W. 657, 102 Tex.Cr.R. 151 (agreement of counsel, approved by trial court, that testimony from one case be considered as in record of second case will be disregarded by Court of Criminal Appeals). Nothing is presented for review.

◼ In his ninth ground of error appellant challenges the sufficiency of the evidence to support conviction. Initially we note that this Court must examine the evidence in the light most favorable to the verdict. The jury is the exclusive judge of the facts, the credibility of witnesses, and the weight to be afforded testimony. E. g., *Miller v. State,* Tex.Cr.App., 566 S.W.2d 614.

Art. 4476–15, Sec. 4.03(a), V.A.C.S., provides in pertinent part that "a person commits an offense if he knowingly or intentionally . . . delivers . . . a controlled substance listed in Penalty Group 1, 2, 3, or 4." Heroin is listed in Penalty Group 1, and delivery of heroin is classified as a felony of the first degree. See *id.* Secs. 4.02(b)(2)(K) and 4.03(b)(1). "Delivery" is statutorily defined in pertinent part as "the actual or constructive transfer from one person to another of a controlled substance, whether or not there is an agency relationship." *Id.* Sec. 1.02(8).

The evidence shows that Jerry Powell was a narcotics agent employed by the Department of Public Safety on April 25, 1975 —the date of the offense. Powell testified that he and another undercover police officer, Don Bush, were posing as heroin buyers. The two officers met appellant on a motel parking lot in Harris County. Following a discussion concerning a purchase

of heroin, appellant left the officers and reentered the motel. The appellant returned a short time later and gave Agent Powell a small package containing a substance Powell believed to be heroin. This package was a sample delivered in contemplation of a purchase of approximately 53 ounces of heroin being negotiated by the parties.[2] Agent Powell testified that he placed the package in the pocket of his trousers, and maintained custody and control of the package until the following morning when it was delivered to the Department of Public Safety Laboratory. A chemist employed by the Department of Public Safety testified that the package contained "3.73 grams of twenty-nine per cent (29%) heroin." We find the evidence sufficient to support conviction for the "actual transfer" of heroin as proscribed by the aforementioned statutes. See *Howery v. State,* Tex.Cr.App., 528 S.W.2d 230. Ground of error number nine is without merit.

◼ In his second ground of error appellant contends the trial court erred in failing to charge the jury on the law of circumstantial evidence. When there is direct evidence of the main fact to be proven, a charge on circumstantial evidence is not required. See *Cadd v. State,* Tex.Cr.App., 587 S.W.2d 736; *Bates v. State,* Tex.Cr.App., 587 S.W.2d 121; *Powell v. State,* Tex.Cr.App., 502 S.W.2d 705. The testimony summarized above constitutes direct evidence of delivery of heroin. See *Barrera v. State,* Tex.Cr.App., 491 S.W.2d 879. Cf. *Powell v. State,* supra. A charge on circumstantial evidence was not required. Appellant's second ground of error is overruled.

In his sixth ground of error appellant contends that the trial court abused its discretion in failing to grant Ferguson's motion to sever. Appellant maintains that he and Ferguson were tried for separate offenses, and joint trial was not authorized under Art. 36.09, V.A.C.C.P.

---

**2.** Examination of evidence of the ensuing events is unnecessary for disposition of this ground of error.

■ Appellant filed no motion to sever at trial; this complaint is raised for the first time on appeal. Severance pursuant to Art. 36.09, supra, is not a matter of right but rests within the sound discretion of the trial court. *Robinson v. State*, Tex.Cr.App., 449 S.W.2d 239. Absent a motion for severance or a showing of prejudice there is no error in consolidating the trial of two or more defendants. *Id.* at 240; *Beeson v. State*, Tex.Cr.App., 422 S.W.2d 726.

■ If it be appellant's contention that the trial court was without authority to consolidate, we find no merit in such argument. Art. 36.09, supra, provides in pertinent part: "Two or more defendants who are jointly or separately indicted or complained against for the same offense or any offense growing out of the same transaction may be, in the discretion of the court, tried jointly or separately as to one or more defendants; ..." If the offense charged against appellant and Ferguson did not relate to the same transaction, it was not within the trial court's discretion to order joint trial over objection. *Ex Parte Mitchell*, 608 S.W.2d 915.

The evidence shows that after delivering the "sample" of heroin to Agent Powell, appellant led the two police officers to a motel room where he introduced the officers to Ferguson and another man. Once in the room the officers negotiated an agreement to purchase approximately 53 ounces of heroin for $92,500.00. After Powell inspected the substance to be purchased, the parties agreed that appellant would accompany the officers to the motel parking lot in order to see the money which was to be exchanged for the heroin. When appellant and the officers arrived at the automobile in which the money was located, appellant was arrested. Other police officers subsequently entered the motel room, arrested Ferguson and the third defendant, and seized the contraband. A chemist testified at trial that three plastic bags tendered to Agent Powell for inspection in the motel room contained "502.22 grams of twenty-five per cent (25%) heroin ... 474.07 grams of twenty-five per cent (25%) heroin [and]

... 485.64 grams of twenty-one per cent (21%) heroin," respectively.

Thus, appellant met with the officers, discussed a sale of heroin, retrieved and delivered a sample of the merchandise for inspection, led the officers to the room where the negotiations were completed, remained in the room during negotiation, accompanied the officers back to their car to see the money to be exchanged, and was then arrested. We hold that the actual delivery of a sample of heroin and the subsequent meeting in the motel room grew out of the same transaction. Joint trial was authorized by Art. 36.09, supra; no abuse of discretion by the trial court is shown. Ground of error number six is overruled.

In his third ground of error appellant contends that the trial court erred in not applying the law to the facts in instructing the jury. The thrust of the contention is that the trial court erroneously failed to apply the law of parties to the facts.

In *Romo v. State*, Tex.Cr.App., 568 S.W.2d 298 we held:

"In circumstances where a defendant, if guilty at all, is guilty as a party, the court should properly apply the law of parties to the facts of the case, but the failure to do so is not reversible error unless there is a timely and sufficient objection to the court's charge or a specially requested charge is timely filed."

*Id.* at 303. There is nothing in the instant record showing that appellant timely objected to the court's charge. Appellant directs us to the appellate record of his codefendant for the objection. Again, we decline to review the records of another case to find support for contentions raised in the instant appeal. See *Parker v. State*, supra; *Salinas v. State*, supra; *Hale v. State*, supra; *Jones v. State*, supra; *Donahue v. State*, supra. Nothing is preserved for review.

■ Appellant also contends the trial court erred in not allowing him to call jurors to testify at the hearing on motion for new trial. The trial court denied defense counsel's request that he be allowed to call jurors at the hearing in order to inquire

about possible jury misconduct. A motion for new trial alleging jury misconduct must be supported by the affidavit of a juror or some other person in a position to know the facts. See e. g., *Story v. State*, Tex.Cr. App., 502 S.W.2d 764; *Howard v. State*, Tex.Cr.App., 484 S.W.2d 903; *Prince v. State*, 158 Tex.Cr.R. 320, 254 S.W.2d 1006. No such affidavit was presented in the instant case. No error is shown.

■ In his fifth ground of error appellant asserts that the trial court erred in refusing to grant a challenge for cause as to prospective juror Susan Clark. Appellant maintains that Clark should have been excluded for cause pursuant to Art. 35.-16(c)(2), V.A.C.C.P. because her answers to questions during voir dire indicated she was prejudiced against anyone who would sell heroin and such prejudice would render her incapable of considering probation as punishment. Clark stated that she had a "strong emotional feeling" about drug cases which "might" influence her if a defendant were found guilty. When asked by defense counsel whether she could consider probation in a sale of heroin case she stated "I still have a closed mind, and I have an emotional responsibility." Nevertheless, at other points during voir dire Clark stated that she could be "fair and impartial," and that she "would be reasonable and listen to the facts" when considering punishment. When asked if she could consider probation if appellant were convicted of selling heroin to a seven-year-old child, Clark initially responded "no," then stated "I think there would be lot of circumstances involved; I would like to give you a 'yes' or 'no' answer, but I can't; I am leaning towards 'no,' if that answers your question." In concluding his examination of the prospective juror, defense counsel elicited the following:

> "MR. PHILLIPS: Let's take the hypothetical and say that the Defendant was found guilty of selling four (4) pounds of heroin; would you consider granting probation then?

> "THE COURT: Other than to a seven (7) year old child?

> "MR. PHILLIPS: Yes, Your Honor.

> "MRS. CLARK: I could consider it."

While this Court has a cold record before it, the trial judge reviewing answers of an equivocating venireman has the opportunity to observe the tone of voice and demeanor of the prospective juror in determining the precise meaning intended. *Hughes v. State*, Tex.Cr.App., 563 S.W.2d 581, *cert. denied*, 440 U.S. 950, 99 S.Ct. 1432, 59 L.Ed.2d 640; *Tezeno v. State*, Tex.Cr.App., 484 S.W.2d 374. We cannot say the trial court erred in refusing to sustain the challenge for cause as to Clark. See *Von Byrd v. State*, Tex.Cr.App., 569 S.W.2d 883, *cert. denied*, 441 U.S. 967, 99 S.Ct. 2418, 60 L.Ed.2d 1073.[3] Appellant's fifth ground of error is overruled.

■ In his seventh ground of error appellant alleges the trial court erred in refusing to allow discovery of tape recorded conversations between appellant and police officers. The record before us contains only one motion for discovery filed by the appellant. That motion contains no reference to any tape recording. In his brief, appellant directs our attention to a pretrial hearing in which the Honorable Jimmy Phillips, Jr. "orally renewe[d] a motion for discovery" relating to such tape recordings on behalf of his client, Aaron Ferguson. There is nothing in the instant record to show that appellant ever filed a motion to discover any tape recordings in compliance with the provisions of Art. 39.14, V.A.C.C.P.

Further, the record on appeal contains no such recordings, and none of appellant's objections to the appellate record relate to such recordings. We are unable to determine whether appellant has been harmed by the trial court's ruling on any discovery motion. Nothing is presented for review. Cf. *Mendoza v. State*, Tex.Cr.App., 552 S.W.2d 444; *Henriksen v. State*, Tex.Cr.

---

3. In *Von Byrd* a venireman stated he did not think he could consider probation when questioned by defense counsel. The trial court subsequently elicited from the prospective juror that he could consider probation. We found no error in the trial court's denial of a defense challenge for cause. *Von Byrd v. State*, supra, at 891.

App., 500 S.W.2d 491; *Alba v. State*, Tex. Cr.App., 492 S.W.2d 555.

 In ground of error number eight appellant contends the trial court erred in failing to grant a mistrial following prejudicial jury argument not supported by evidence in the record. During jury argument the prosecutor stated that heroin "will turn young girls into prostitutes. . . ." Appellant's objection was sustained, and the jury was admonished to disregard the remark. Generally, an instruction to disregard will cure error caused by improper jury argument unless the remark is so inflammatory that its "prejudicial effect cannot reasonably be removed by such an admonition." E. g., *Thomas v. State*, Tex.Cr.App., 578 S.W.2d 691; *Blansett v. State*, Tex.Cr.App., 556 S.W.2d 322; *Carraway v. State*, Tex.Cr. App., 507 S.W.2d 761. We hold that no reversible error is shown.

 Appellant also complains of the prosecutor's jury argument that heroin is "a drug that goes out in my streets and your streets in the community." Defense objection that such argument was outside of the record was overruled. That heroin finds its way into the streets of Harris County constitutes an expression of common knowledge and a proper plea for law enforcement. See *Salinas v. State*, Tex.Cr.App., 542 S.W.2d 864. Cf. *Cotton v. State*, Tex. Cr.App., 500 S.W.2d 482 (common knowledge heroin is addictive). Appellant's eighth ground of error is overruled.

In his tenth ground of error appellant contends his conviction is invalid because he was reindicted on a more severe charge after refusing to plead guilty to the original indictment. Even if appellant's factual allegation were true, his contention is without merit. See *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604; *Christiansen v. State*, Tex.Cr.App., 575 S.W.2d 42.

The State's motion for rehearing is granted, and the judgment is affirmed.

McCORMICK, J., concurs in result.

CLINTON, Judge, dissenting.

The record of this cause reflects an order rendered by the trial court in which the court finds that "after a hearing the Court determined that the Defendants, FERGUSON and GARZA, should be tried together." [1] The trial docket sheet in the record of this cause contains an entry that on or about November 15, 1976 "Motion for New Trial filed in Aaron D. Ferguson cause # 241712 pertains to D. Garza also." Consistently, the record in this cause does *not* reveal a motion for new trial,[2] but it does contain an order overruling one on November 19, 1976. Then January 21, 1977, appellant filed, and the clerk of the trial court gave written notice to the trial judge that appellant had filed, his formal bill of exception, to which the majority alludes in the second paragraph of its opinion. I prefer to set out in its entirety—ellipsing only a name—that which the bill asks the trial court that "BE IT REMEMBERED," *viz*:

"The defendant, Daniel Garza, requested of the Court that he be allowed to adopt

---

1. Capitalization is by the trial court. All emphasis throughout is mine unless otherwise indicated.

2. At the joint hearing on motion for new trial, the transcription of which is before us in this cause, the trial counsel for appellant Garza addressed the trial court as follows:

"If Your Honor please, the Defendant, Daniel Garza, who was jointly charged, jointly tried and jointly convicted by the Jury herein, will now stand on all pleadings heretofore filed in behalf of the other Defendant Aaron Delbert Ferguson as to the motion for new trial . . . [and] . . . we adopt the same affidavits filed on behalf of the Defendant Aaron Ferguson

because the Jury heard the same facts and tried both Defendants."

Notice of appeal was then given in open court and there was a colloquy about appointment of an appellate attorney for appellant Garza; when the court was informed that appellant wanted to talk with the trial attorney for Ferguson about also handling his appeal, the trial judge indicated that "would be all right" and asked to be informed of the decision.

A January 13, 1977 trial docket entry recounts that upon appellant's pauper's oath the trial court ordered the court reporter to prepare a statement of facts and identified Ferguson's trial attorney as appellate counsel for appellant Garza.

all of the objections and exceptions of the Attorney . . . who was representing AARON D. FERGUSON, without the necessity of also objecting whenever those objections were made. That the Court granted such motion and that for the purposes of Appeal, any objection made by the Attorney for the Defendant AARON D. FERGUSON, whether through pretrial or trial motions and whether in the form of formal motions or objections during the course of the trial are taken as if the Defendant, DANIEL GARZA, of his attorney had made such objections and motions of AARON D. FERGUSON or his attorney will not be deemed to have waived the objections."

Service of a true and correct copy of the bill upon the Harris County District Attorney's Office, Appellate Section, et cetera was certified. The record in this cause contains no reaction or response from that recipient.

In due course, though the trial court neither specifically qualified or approved the bill of exception, without objection in this respect the court certified that the record including the bill is "a true, complete, and correct record in the above styled and numbered cause."

At the outset of appellant's brief in this cause is a page entitled prologue. In part he states that under the bill of exception appellant "was allowed to adopt as his own, for the purposes of Appeal, any objection made by the Attorney for the Defendant Aaron Ferguson" and, therefore, as to those matters not in the Garza record "reference will be made . . . to the transcript on Appeal of Aaron Ferguson, the Co-Defendant." In the State's reply to the first ground of error, complaining of overruling the motion to quash, prologue assertions of appellant are not challenged; rather there

3. Indeed, the State stoutly resisted a motion for severance since its theory was that the accused were part of a conspiracy to deliver the controlled substance. The prosecuting attorney, accordingly, testified at a pretrial hearing on the motion:

"Q: Are they indicted as co-defendants or are they each separately?

is the following flat statement of fact: "*Garza's motion to quash* was filed on the day of trial . . . and was not timely . . ."

The majority opinion invokes the long-standing strict rule for a bill of exception drawn under Article 36.20, V.A.C.C.P. and its predecessors designed to *complain* about adverse actions of the trial court. See, e. g., *Stevens v. State*, 146 Tex.Cr.R. 42, 171 S.W.2d 135, 138 (1943). But Article 40.09, § 6(a), V.A.C.C.P., by its terms, permits a broader utilization of the bill. Thus, "[a] party desiring to have the record *disclose* some action . . . proceeding . . . or other event or occurrence *not otherwise shown by the record* may utilize a bill of exception for this purpose."

Patently, the bill before us was to show that the trial court GRANTED the motion for appellant, when that grant was not to be otherwise shown of record, rather than to *complain* of any adverse ruling. And the very matters characterized in the bill were then before the trial court, and are before this Court. That each bears its respective cause number was of no moment whatsoever below and should not be here, that being merely a matter of "clerk's choice." In any event, as to the motion to quash, the trial court in effect incorporated by reference portions of one into the other.

The majority "decline[s] to review the records of another case to find support for contentions raised in this appeal." But Ferguson's is simply not "another case"—it is the same case as appellant's, and had been handled as such by all parties and the trial court at that level of the criminal prosecution.[3] Now, only after panel opinions were handed down upon original submission does the majority undertake to separate these judicial Siamese twins and then treat them disparately.[4]

A: They are each separately indicted, but listed as co-defendants on the docket."
And, to be recalled, is that it was the trial court that "determined" the two "should be tried together."

4. The cruelest cut of all is that relief being denied one is this day granted the other in *Ferguson v. State*, —— S.W.2d —— (Tex.Cr. App., No. 58,518).

Because the majority withholds from appellant the relief to which he is entitled, I dissent.

ONION, P. J., and ROBERTS and TEAGUE, JJ., join.