COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-280-CR
                                         NO. 2-03-281-CR
                                         NO. 2-03-282-CR
                                         NO. 2-03-283-CR
                                         NO. 2-03-284-CR
                                         NO. 2-03-285-CR
                                         NO. 2-03-286-CR
  
  
LINDSEY ANTHONY BOLDEN                                                  APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM CRIMINAL DISTRICT COURT 
NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Lindsey Anthony Bolden pled guilty to burglary of a habitation and six cases of 
robbery by threat, and he pled true to two prior felony enhancement paragraphs. 
The jury assessed his punishment at life imprisonment and a $10,000 fine in each 
case, and the trial court sentenced him accordingly, with such sentences to be 
served concurrently. On appeal, Appellant complains that the trial court erred 
in overruling his objections and denying his motion for mistrial based on the 
State’s jury arguments. Because we hold that the trial court did not err by 
overruling Appellant’s objections and did not abuse its discretion by denying 
Appellant’s motion for mistrial, we affirm the trial court’s judgments.
Motion for Mistrial
        In 
his first point, Appellant contends that the trial court erred in denying 
Appellant’s motion for mistrial in response to the prosecutor’s argument 
that the jury consider the parole law as it applied to Appellant. When the trial 
court sustains an objection and instructs the jury to disregard but denies a 
defendant’s motion for a mistrial, the issue is whether the trial court abused 
its discretion in denying the mistrial.[2]  Its 
resolution depends on whether the court’s instruction to disregard cured the 
prejudicial effect, if any, of the improper argument.[3]  
Generally, an instruction to disregard impermissible argument cures any 
prejudicial effect.[4]  In assessing the curative 
effect of the court’s instruction to disregard, the correct inquiry is 
whether, in light of the record as a whole, the argument was extreme, manifestly 
improper, injected new and harmful facts into the case, or violated a mandatory 
statutory provision and was thus so inflammatory that the instruction to 
disregard was ineffective.[5]  If the instruction 
cured any prejudicial effect caused by the improper argument, a reviewing court 
should find that the trial court did not abuse its discretion.[6]  
Only if the reviewing court determines the instruction was ineffective does the 
court go on to determine whether, in light of the record as a whole, the 
argument had a substantial and injurious effect or influence on the jury’s 
verdict.[7]
        The 
prosecutor argued: “[T]his case demands life.  All the sentences run at 
the same time.  When he is eligible for parole on one, he is eligible 
for parole on the other.” [emphasis added] The trial court sustained 
Appellant’s objection that the State had improperly asked the jury to consider 
parole eligibility and instructed the jury to disregard the prosecutor’s 
comment regarding parole, but the trial court denied Appellant’s motion for 
mistrial.  We note that the jury charge provided, as required:
  
Under the law applicable in this case, if the defendant is sentenced to a term 
of imprisonment, he will not become eligible for parole until the actual time 
served plus any good conduct time earned equals one-fourth of the sentence 
imposed or 15 years, whichever is less.  Eligibility for parole does not 
guarantee that parole will be granted.
. . . .
You may consider the existence 
of the parole law and good conduct time.  However, you are not to consider 
the extent to which good conduct time may be awarded to or forfeited by this 
particular defendant.  You are not to consider the manner in which the 
parole law may be applied to this particular defendant.[8]
 
 
        Because 
the prosecutor stated that Appellant would become eligible for parole on one 
case when he became eligible for parole on another, instead of stating that a 
person receiving concurrent sentences in general would do so, the argument was 
improper and violated article 37.07(4)(b).[9]  
However, in light of the record as a whole, we cannot say that the State’s 
argument explaining that Appellant’s parole eligibility would occur 
simultaneously in each case was extreme, manifestly improper, injected new and 
harmful facts into the case, or was so inflammatory that the instruction to 
disregard was ineffective.[10]  The trial court 
therefore did not abuse its discretion in denying Appellant’s motion for 
mistrial.  We overrule Appellant’s first point.
Objections to Jury Argument
        To 
be permissible, the State’s jury argument must fall within one of the 
following four general areas:  (1) summation of the evidence; (2) 
reasonable deduction from the evidence; (3) answer to argument of opposing 
counsel; or (4) plea for law enforcement.[11]  
If a jury argument exceeds the bounds of proper argument, the trial court’s 
erroneous overruling of a defendant’s objection is not reversible error unless 
it affected the appellant’s substantial rights.[12]  
In determining whether the appellant’s substantial rights were affected, we 
consider (1) the severity of the misconduct (that is, the prejudicial effect of 
the prosecutor’s remarks), (2) curative measures, and (3) the certainty of 
conviction or punishment absent the misconduct.[13]
        In 
his second point, Appellant contends that the trial court erred in overruling 
Appellant’s objection that the prosecutor’s closing argument was an improper 
plea for law enforcement and outside the record. The prosecutor argued:
  
So you have to send a message to every one of our kids, every one of them that 
you know what you went through was not in vain.  We care about you, you 
matter.  It’s regrettable, but you guys are successful and you mean a lot 
to us.  We want you to continue doing what you are doing.  We want you 
to put this behind you and move forward.  But we want to also send a 
message to him that you’re not going to get this other chance again because 
the next time he left witnesses.  Hum.
  
  
Appellant’s trial counsel 
then objected, “Improper argument. Outside the record as well.”  The 
trial court overruled the objections.  Because the objection to the 
argument as being an improper plea for law enforcement was not raised at trial, 
Appellant failed to preserve this complaint for appeal.[14]  
We shall therefore address only his complaint that the argument was outside the 
record.
        In 
his brief, Appellant argues that this sentence, “But we want to also send a 
message to him that you’re not going to get this other chance again because 
the next time he left witnesses,” invited the jury to speculate that if 
Appellant were released from prison, the next time he would leave no witnesses, 
but Appellant also admits that this statement is “cryptic to say the 
least.”  Because Appellant left witnesses in these cases, a multitude of 
them, we believe that it is just as likely that the prosecutor meant that 
Appellant, a repeat offender, should receive a stiff sentence in these cases 
because of the testimony of the complainants.  Because the argument was 
subject to varying interpretations by both the jury and the trial court, at 
least one of which is well supported by the record, we cannot say that the trial 
court erred in overruling Appellant’s objection that the argument was outside 
the record.  We overrule Appellant’s second point.
        In 
his third point, Appellant contends that the trial court erred in overruling his 
objection to another argument by the prosecutor.  The prosecutor argued:
  
He was dealing cocaine and heroin on your streets in 2002.  He was making a 
choice once again to violate the law.  And if you think drug dealing is a 
victimless crime, think again.  Heroin on your streets.  You know what 
peddling that kind of poison does in this community.
 
Appellant’s trial counsel 
then objected that the argument was an improper plea for law enforcement, and 
the trial court overruled the objection. In his brief, Appellant argues that the 
jury argument asks the jury to inject themselves personally in assessing 
punishment, implies that the community demands a harsh sentence, and invites the 
jury to improperly speculate on the number of individuals that Appellant has 
affected by his illegal drug activities.  The only portion of the argument 
for which error was preserved is the last sentence, “You know what peddling 
that kind of poison does in this community.”[15] 
As the Texas Court of Criminal Appeals has held, this type of argument, stating 
common knowledge, is a proper plea for law enforcement.[16]  
We overrule Appellant’s third point.
        Having 
held that the trial court did not err or abuse its discretion, we do not reach 
Appellant’s fourth point, which complains of cumulative harm.[17]  We affirm the trial court’s judgments.
   
  
                                                                           PER 
CURIAM
  

 
PANEL F:   DAUPHINOT, 
LIVINGSTON, and HOLMAN, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: September 30, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.
2.  Hawkins 
v. State, 135 S.W.3d 72, 76-77 (Tex. Crim. App. 2002).
3.  Id.
4.  Wesbrook 
v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000), cert. denied, 
532 U.S. 944 (2001); Dinkins v. State, 894 S.W.2d 330, 357 (Tex. Crim. 
App.), cert. denied, 516 U.S. 832 (1995).
5.  Wesbrook, 
29 S.W.3d at 115-16.
6.  Dinkins, 
894 S.W.2d at 357; Faulkner v. State, 940 S.W.2d 308, 312 (Tex. 
App.—Fort Worth 1997, pet. ref’d) (en banc op. on reh’g).
7.  Tex. R. App. P. 44.2(b); King v. 
State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).
8.  See 
Tex. Code Crim. Proc. Ann. art. 
37.07(4)(b) (Vernon Supp. 2004-05).
9.  See 
id.
10.  See 
Wesbrook, 29 S.W.3d at 115-16.
11.  Felder 
v. State, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), cert. denied, 
510 U.S. 829 (1993); Alejandro v. State, 493 S.W.2d 230, 231 (Tex. Crim. 
App. 1973).
12.  Tex. R. App. P. 44.2(b); Martinez v. 
State, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); Mosley v. State, 
983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), cert. denied, 
526 U.S. 1070 (1999).
13.  Martinez, 
17 S.W.3d at 692-93; Mosley, 983 S.W.2d at 259.
14.  See 
Tex. R. App. P. 33.1(a)(1)(A); Bell 
v. State, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), cert. denied, 522 
U.S. 827 (1997).
15.  See 
Tex. R. App. P. 33.1(a)(1) 
(requiring that objection be timely); Norris v. State, 902 S.W.2d 428, 
442 (Tex. Crim. App.), cert. denied, 516 U.S. 890 (1995) (stating that 
objection is timely if made as soon as ground of objection becomes apparent).
16.  See, 
e.g., Garza v. State, 622 S.W.2d 85, 93 (Tex. Crim. App. 1981) (“That 
heroin finds its way into the streets of Harris County constitutes an expression 
of common knowledge and a proper plea for law enforcement.”).
17.  See 
Tex. R. App. P. 47.4.