LINDSEY ANTHONY BOLDEN V. THE STATE OF TEXAS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-280-CR

NO. 2-03-281-CR

NO. 2-03-282-CR

NO. 2-03-283-CR

NO. 2-03-284-CR

NO. 2-03-285-CR

NO.
 
2-03-286-CR

LINDSEY ANTHONY BOLDEN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Lindsey Anthony Bolden pled guilty to burglary of a habitation and six cases of robbery by threat, and he pled true to two prior felony enhancement paragraphs.  The jury assessed his punishment at life imprisonment and a $10,000 fine in each case, and the trial court sentenced him accordingly, with such sentences to be served concurrently.  On appeal, Appellant complains that the trial court erred in overruling his objections and denying his motion for mistrial based on the State’s jury arguments.  Because we hold that the trial court did not err by overruling Appellant’s objections and did not abuse its discretion by denying Appellant’s motion for mistrial, we affirm the trial court’s judgments.

Motion for Mistrial

In his first point, Appellant contends that the trial court erred in denying Appellant’s motion for mistrial in response to the prosecutor’s argument that the jury consider the parole law as it applied to Appellant.  When the trial court sustains an objection and instructs the jury to disregard but denies a defendant’s motion for a mistrial, the issue is whether the trial court abused its discretion in denying the mistrial.
(footnote: 2)  Its resolution depends on whether the court’s instruction to disregard cured the prejudicial effect, if any, of the improper argument.
(footnote: 3)  Generally, an instruction to disregard impermissible argument cures any prejudicial effect.
(footnote: 4)  In assessing the curative effect of the court’s instruction to disregard, the correct inquiry is whether, in light of the record as a whole, the argument was extreme, manifestly improper, injected new and harmful facts into the case, or violated a mandatory statutory provision and was thus so inflammatory that the instruction to disregard was ineffective.
(footnote: 5)  If the instruction cured any prejudicial effect caused by the improper argument, a reviewing court should find that the trial court did not abuse its discretion.
(footnote: 6)  Only if the reviewing court determines the instruction was ineffective does the court go on to determine whether, in light of the record as a whole, the argument had a substantial and injurious effect or influence on the jury’s verdict.
(footnote: 7)
 The prosecutor argued:  “[T]his case demands life.  All the sentences run at the same time. 
 When he is eligible for parole on one, he is eligible for parole on the other.
” [emphasis added]  The trial court sustained Appellant’s objection that the State had improperly asked the jury to consider parole eligibility and instructed the jury to disregard the prosecutor’s comment regarding parole, but the trial court denied Appellant’s motion for mistrial.  We note that the jury charge provided, as required:

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time earned equals one-fourth of the sentence imposed or 15 years, whichever is less.  Eligibility for parole does not guarantee that parole will be granted.

. . . .

You may consider the existence of the parole law and good conduct time.  However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant.  You are not to consider the manner in which the parole law may be applied to this particular defendant.
(footnote: 8)

Because the prosecutor stated that Appellant would become eligible for parole on one case when he became eligible for parole on another, instead of stating that a person receiving concurrent sentences in general would do so, the argument was improper and violated article 37.07(4)(b).
(footnote: 9)  However, in light of the record as a whole, we cannot say that the State’s argument explaining that Appellant’s parole eligibility would occur simultaneously in each case was extreme, manifestly improper, injected new and harmful facts into the case, or was so inflammatory that the instruction to disregard was ineffective.
(footnote: 10)  The trial court therefore did not abuse its discretion in denying Appellant’s motion for mistrial.  We overrule Appellant’s first point.

Objections to Jury Argument

 To be permissible, the State’s jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement.
(footnote: 11)  If a jury argument exceeds the bounds of proper argument, the trial court’s erroneous overruling of a defendant’s objection is not reversible error unless it affected the appellant’s substantial rights.
(footnote: 12)  In determining whether the appellant’s substantial rights were affected, we consider (1) the severity of the misconduct (that is, the prejudicial effect of the prosecutor’s remarks), (2) curative measures, and (3) the certainty of conviction or punishment absent the misconduct.
(footnote: 13)
 In his second point, Appellant contends that the trial court erred in overruling Appellant’s objection that the prosecutor’s closing argument was an improper plea for law enforcement and outside the record.  The prosecutor argued:

So you have to send a message to every one of our kids, every one of them that you know what you went through was not in vain.  We care about you, you matter.  It’s regrettable, but you guys are successful and you mean a lot to us.  We want you to continue doing what you are doing.  We want you to put this behind you and move forward.  But we want to also send a message to him that you’re not going to get this other chance again because the next time he left witnesses.  Hum.

Appellant’s trial counsel then objected, “Improper argument.  Outside the record as well.”  The trial court overruled the objections.  Because the objection to the argument as being an improper plea for law enforcement was not raised at trial, Appellant failed to preserve this complaint for appeal.
(footnote: 14)  We shall therefore address only his complaint that the argument was outside the record.

In his brief, Appellant argues that this sentence, “But we want to also send a message to him that you’re not going to get this other chance again because the next time he left witnesses,” invited the jury to speculate that if Appellant were released from prison, the next time he would leave no witnesses, but Appellant also admits that this statement is “cryptic to say the least.”  Because Appellant left witnesses in these cases, a multitude of them, we believe that it is just as likely that the prosecutor meant that Appellant, a repeat offender, should receive a stiff sentence in these cases because of the testimony of the complainants.  Because the argument was subject to varying interpretations by both the jury and the trial court, at least one of which is well supported by the record, we cannot say that the trial court erred in overruling Appellant’s objection that the argument was outside the record.  We overrule Appellant’s second point.

In his third point, Appellant contends that the trial court erred in overruling his objection to another argument by the prosecutor.  The prosecutor argued:

He was dealing cocaine and heroin on your streets in 2002.  He was making a choice once again to violate the law.  And if you think drug dealing is a victimless crime, think again.  Heroin on your streets.  You know what peddling that kind of poison does in this community.

Appellant’s trial counsel then objected that the argument was an improper plea for law enforcement, and the trial court overruled the objection.  In his brief, Appellant argues that the jury argument asks the jury to inject themselves personally in assessing punishment, implies that the community demands a harsh sentence, and invites the jury to improperly speculate on the number of individuals that Appellant has affected by his illegal drug activities.  The only portion of the argument for which error was preserved is the last sentence, “You know what peddling that kind of poison does in this community.”
(footnote: 15)  As the Texas Court of Criminal Appeals has held, this type of argument, stating common knowledge, is a proper plea for law enforcement.
(footnote: 16)  We overrule Appellant’s third point.

Having held that the trial court did not err or abuse its discretion, we do not reach Appellant’s fourth point, which complains of cumulative harm.
(footnote: 17)  We affirm the trial court’s judgments.

PER CURIAM

PANEL F: DAUPHINOT, LIVINGSTON, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  September 30, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Hawkins v. State
, 135 S.W.3d 72, 76-77 (Tex. Crim. App. 2002).

3:
Id.

4:
Wesbrook v. State
, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000), 
cert. denied
, 532 U.S. 944 (2001); 
Dinkins v. State
, 894 S.W.2d 330, 357 (Tex. Crim. App.), 
cert. denied
, 516 U.S. 832 (1995).

5:
Wesbrook
, 29 S.W.3d at 115-16.

6:
Dinkins
, 894 S.W.2d at 357; 
Faulkner v. State
, 940 S.W.2d 308, 312 (Tex. App.—Fort Worth 1997, pet. ref’d) (en banc op. on reh’g).

7:
Tex. R. App. P. 
44.2(b); 
King v. State
, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

8:
See
 
Tex. Code Crim. Proc. Ann.
 art. 37.07(4)(b) (Vernon Supp. 2004-05).

9:
See id.

10:
See Wesbrook
, 29 S.W.3d at 115-16.

11:
Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993); 
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

12:
Tex. R. App. P. 
44.2(b); 
Martinez v. State
, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); 
Mosley v. State
, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).

13:
Martinez
, 17 S.W.3d at 692-93; 
Mosley
, 983 S.W.2d at 259.

14:
See
 
Tex. R. App. P.
 33.1(a)(1)(A); 
Bell v. State
, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 827 (1997).

15:
See 
Tex. R. App. P.
 33.1(a)(1) (requiring that objection be timely); 
Norris v. State
, 902 S.W.2d 428, 442 (Tex. Crim. App.), 
cert. denied
, 516 U.S. 890 (1995) (stating that objection is timely if made as soon as ground of objection becomes apparent).

16:
See, e.g., Garza v. State
, 622 S.W.2d 85, 93 (Tex. Crim. App. 1981) (“That heroin finds its way into the streets of Harris County constitutes an expression of common knowledge and a proper plea for law enforcement.”).

17:
See
 
Tex. R. App. P.
 47.4.