

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. AP-76,176

MICHAEL DEAN GONZALES, Appellant

v.

THE STATE OF TEXAS

ON DIRECT APPEAL FROM CAUSE NO. D-23,730
IN THE 358TH JUDICIAL DISTRICT COURT
FROM ECTOR COUNTY

**COCHRAN, J., filed a concurring opinion.**

**OPINION**

Had I been the trial judge in this case, I would have granted appellant's challenges for cause to both venirepersons Sarah Murdock and Randall Phillips. But I was not the trial judge. And I was not present to see the venirepersons or to gauge their demeanor or sincerity. In this context, the actual words spoken (or, frequently, misspoken) by a venireperson do not express the full message that is conveyed by the speaker or received by the listener.

Among those who have participated in death-penalty individual voir dire procedures, it is common knowledge that potential jurors frequently express extraordinarily strong beliefs, principles, and attitudes when they fill out the written questionnaires and are first questioned by the judge and attorneys. It is not their initial thoughts and beliefs that determine potential jurors' ultimate suitability for service in a death-penalty case. Rather, it is their ability to temporarily set aside those strong beliefs and follow the law as it is given to them that determines their fitness.[1] The initial answers on questionnaires are merely a guide to possible areas that the parties and the judge should discuss with the venireperson. And sometimes it is not even the final words spoken by the venireperson that are determinative. We have all seen those who say "Yes," but the clear import of their total response is "Absolutely no, never, never." All too frequently the trial judge and lawyers must judge the fitness of a particular venireperson by a "gut feel" for the ultimate fairness and open-mindedness of that person.

That is why the experienced trial judge pays particularly close attention to the venireperson's overall attitude toward a specific issue as it is conveyed both verbally and nonverbally, consciously and unconsciously. The fairness of the entire trial depends upon this assessment. Thus, reviewing courts must rely heavily upon the good judgment of the

---

[1] *See, e.g., Smith v. Balkcom*, 660 F.2d 573, 578 (5th Cir. 1981) ("All veniremen are potentially biased. The process of voir dire is designed to cull from the venire persons who demonstrate that they cannot be fair to either side of the case. Clearly, the extremes must be eliminated– *i.e.,* those who, in spite of the evidence, would automatically vote to convict or impose the death penalty or automatically vote to acquit or impose a life sentence.").

trial judge in deciding whether to grant or refuse a challenge for cause.[2] They, not we, are "Johnny-on-the-Spot."[3]

But coupled with the trial judge's great discretion comes his responsibility to ensure that any venireperson who might not be fair is removed from the jury panel. There are always more fish in the sea and more jurors in the jury panel. In close calls, trial judges should always err on the side of granting a challenge for cause rather than denying one.[4] Reviewing courts should not be required to use their scarce judicial resources on reviewing denials of challenges for cause on "close call" venirepersons in capital cases.[5] It is much

---

[2] *Feldman v. State*, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002) ("We give great deference to the trial court's decision because the trial judge is present to observe the demeanor of the venireperson and to listen to his tone of voice. Particular deference is given when the potential juror's answers are vacillating, unclear or contradictory.") (citation omitted).

[3] *See Mooney v. State*, 817 S.W.2d 693, 701 (Tex. Crim. App. 1991) ("Where the trial court is faced with a vacillating juror . . . elements such as demeanor and tone of voice, etc., are important factors in conveying the precise message intended. Therefore, the trial court's decision is accorded great deference.").

[4] *Jones v. State*, 982 S.W.2d 386, 394 (Tex. Crim. App. 1998) (courts should follow the policy of "the liberal granting of challenges for cause. The venire comprises so many jurors who are clearly qualified that it is unnecessary to err by denying a challenge for cause on a close question."); *Threadgill v. State*, 146 S.W.3d 654, 673-74 (Tex. Crim. App. 2004) (Womack, J., concurring) (noting the policy set out in *Jones* and stating that venirepersons in a death-penalty case can easily be replaced and therefore, in any close case they should be; "I do not say that the trial judge's decision of this close question of fact was wrong. But it was contrary to the policy that courts should follow.").

[5] *See, e.g., Palmer v. State*, Nos. PD-1889-05 & 1890-05, 2006 WL 2694226, at *3 (Tex. Crim. App. Sept. 20, 2006) (not designated for publication) (Womack, J., dissenting). Judge Womack noted,

> I repeat what I said for four members of the court in another case of a crying venire member, when we "f[ou]nd no error because we defer to the trial court's seeing the jurors' demeanors and hearing the jurors' voices."
>
> This is a venerable rule for reviewing credibility decisions, to which there is

easier and quicker to voir dire yet another venireperson than it is to retry the entire capital-murder case simply because a challenge for cause should have been granted. Denying a challenge for cause in any "close case" is "penny-wise, pound-foolish" time-savings.

Furthermore, I agree with Judge Johnson that, even granting the greatest possible discretion and latitude to the trial judge, the failure to grant a challenge for cause against venireman Randall Phillips was error for the reasons that she cites. But because the trial judge gave appellant an extra or "free" peremptory strike, that strike fully compensated for the error that the judge made concerning Mr. Phillips.[6]

As for Ms. Murdock, it is apparent that she was initially confused in her understanding of the law, especially the law concerning parole. After both the defense and prosecution explained the law in more depth, she seemed to understand these complicated issues, but remained adamant that she felt "strongly" that her feelings about parole would affect her answers to the special issues. At that point, the trial judge interrupted and asked her, point-

---

> little alternative in a close case. My question is, why permit close cases in selecting jurors?
>
> When a court faces an issue of fact, it must rely on limited sources of information. Only so many witnesses will have relevant information about a contested issue of fact. When evidence conflicts, hard choices must be made. The trial judge is the person whose decision must be respected. But there is ordinarily no such need when it comes to deciding whether a citizen is qualified for jury service. If the question is close, the juror can be sent away.

*Id.* And, when it is a close question, that juror *should* be sent away, if only to avoid protracted appellate litigation.

[6] *See Newbury v. State*, 135 S.W.3d 22, 31 (Tex. Crim. App. 2004) (noting that when "a defendant has been granted an additional peremptory challenge, he must show that two of his challenges for cause were erroneously denied in order to show that he was wrongfully 'deprived' of 'the use of at least one of his allotted peremptory challenges.'").

blank,

> I am saying to you that you can still have very strong feelings about the death penalty and still follow the law and follow the instructions of the Court and follow your oath. . . . And what I have got to know, will you do that?

Ms. Murdock responded, "Yes, I will do that." Did she feel intimidated into saying that? Did she really mean it? Or was she just going along to get along? We cannot possibly know from the spoken words themselves as they appear on paper. That is why we give such great deference to the trial judge's ultimate ruling, confident that the trial judge–who observed the venireperson's demeanor, listened to her tone of voice and noted any hesitancy–made a conscientious and careful decision.[7]

With these comments, I join the majority opinion.

Filed: September 28, 2011
Publish

---

[7] *See Garza v. State*, 622 S.W.2d 85, 92 (Tex. Crim. App. 1980) (op. on reh'g) (trial judge had opportunity to observe prospective juror's tone of voice and demeanor in deciding the precise meaning she intended to convey; judge did not err in denying challenge for cause to prospective juror whose voir dire answers indicated that she was prejudiced against anyone who would sell heroin but who also stated that she could consider granting probation if defendant was found guilty of selling four pounds of heroin).