Maurice J. STOCKTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 45488.

Court of Criminal Appeals of Texas.

July 19, 1972.

Rehearing Denied Dec. 13, 1972.

George W. Shaffer, Kenneth L. Yarbrough, Corpus Christi, for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery by firearms; the punishment, ninety-nine (99) years.

Appellant's first ground of error is that "The trial court erred in overruling appellant's motion for mistrial as to questions propounded to appellant's character witness by the District Attorney." Specifically, he claims the prosecutor asked the appellant's character witness improper "have you heard" questions concerning his participation in various bank robberies.

However, we are unable to reach the merit of this contention since we have not been furnished with a complete record.

On the basis of the record before us on appeal in the case at bar, which contains only the jury arguments at the guilt or innocence stage and statement of facts of the punishment hearing, we are unable to determine whether the testimony concerning the bank robberies had been developed at the guilt or innocence stage, thereby making it admissible at the punishment hearing.

Art. 40.09, Vernon's Ann.C.C.P., requires that:

"Each party may file with the clerk a written designation specifying matters for inclusion in the record."

It further provides that a:

". . . party designating to have included in the record a transcript of notes of the reporter shall have the responsibility of obtaining such transcription . . ."

and further provides that:

"Notice of completion of the record shall be made by the clerk by certified mail to the parties or their respective counsel. If neither files and presents to the court in writing any objection to the record, within fifteen days after the mailing of such notice and if the court has no objection to the record, he shall approve the same."

The record reflects that appellant, who was represented by retained counsel at trial, was sentenced on August 12, 1971, at which time he gave notice of appeal and filed a motion to proceed in forma pauperis. Thereafter, his court appointed attorney, who was a member of the same firm which represented the appellant at trial, filed a "Request for Transcript" designating various defense motions be included in the record. This is his only request concerning the record on appeal. On November 29, 1971, the appellant was notified of the completion of the record, and on December 14, 1971, the court approved the record.

Counsel's failure to object to the record on appeal indicated that the record contained all matters which counsel wanted incorporated in the record on appeal. The appellant is bound by the record before this Court. This is not altered by the fact that appellant had become indigent at the time of appeal. There should be no differ-

ent standard for the perfection of records on appeal by indigents. The appellant's counsel on appeal has filed a scholarly brief and presented oral argument and provided capable representation.

 Appellant next contends that the court erred in overruling his motion for new trial which was supported by an affidavit of a juror alleging jury misconduct. We need not pass upon this ground of error because the record reflects that on May 28, 1971 the jury returned its verdict of guilty and, after deliberating on the punishment, returned a verdict of ninety-nine (99) years confinement in the Texas Department of Corrections. The formal sentence reflects that on the same day of the verdict appellant waived his time for filing a motion for new trial, was sentenced and then gave notice of appeal to this Court. There is nothing in this record to reflect the sentence of May 28, 1971 was set aside by the trial court. Thus, any motion or amended motion for new trial filed after May 28, 1971 which was subsequent to the date of sentencing, without the said sentence being set aside, was an act without meaning on the part of appellant and will not be considered by this Court. The fact the trial judge permitted a second notice of appeal to be given does not cause a different result to be reached. See and compare Bedell v. State, Tex.Cr.App., 443 S.W.2d 850. The formal sentence, unless the record shows to the contrary, which this record does not, controls over the docket sheet.[1]

 Appellant's third ground of error is predicated upon the happening of an alleged event in presence of the jury. The record fails to reflect that such event took place and, therefore, nothing is presented for review.

Finding no reversible error, the judgment is affirmed.

---

[1]. Trial judges are admonished to have their clerks fully comply with the terms of Art. 33.07, V.A.C.C.P., which provides as follows: "Each clerk of a court of record having criminal jurisdiction shall keep a docket in which shall be set down the style and file number of each criminal action, the nature of the offense, the names of counsel, *the proceedings had therein, and the date of each proceeding.*" Cf. Art. 40.09, V.A.C.C.P.