Marvin Eugene **HALE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 48394.

Court of Criminal Appeals of Texas.

May 22, 1974.

R. Roscoe Haley, Austin, for appellant.

Ned Granger, County Atty. and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for driving while intoxicated. The court assessed punishment at a fine of fifty dollars and six months in jail, probated.

Appellant's sole contention is that the trial court erred in admitting into evidence a blood sample taken from him without his consent while he was unconscious in a hospital emergency room following an automobile accident. Specifically, appellant contends that the blood sample, taken from a "free flowing wound" by two Department of Public Safety patrolmen, was the product of an illegal search and seizure in violation of his Fourth Amendment rights and his right to due process, and was in violation of Article 802f, Vernon's Ann.P.C.

We are unable to reach the merit of this contention because we have not been furnished with a complete record. The record before us contains only certain excerpts from the appellant's pre-trial hearing regarding the procedure used and circumstances surrounding the taking of the blood sample. The record does not disclose whether the sample was ever analyzed or whether there was any expert chemical evidence introduced regarding the results of an analysis and used to incriminate appellant.

Under Article 40.09, Vernon's Ann.C.C.P., it is appellant's responsibility to obtain a transcription of the court reporter's notes. Appellant was apparently represented by retained counsel at all stages of trial and appeal and the record on appeal contains no affidavit of indigency which would entitle him to a complete transcript at no cost. There is no objection to the record on appeal. We are,

therefore, bound by the record before this Court. See Stockton v. State, Tex.Cr. App., 487 S.W.2d 69; Martinets v. State, Tex.Cr.App., 493 S.W.2d 923; Goodings v. State, Tex.Cr.App., 500 S.W.2d 173.

We, therefore, hold that, absent a complete statement of facts showing the rulings of the trial court of which appellant complains, nothing is presented for review by this Court.

The judgment is affirmed.