**Mark Alan BRANT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–84–00052–CR.**

Court of Appeals of Texas,
El Paso.

Sept. 12, 1984.
Rehearing Denied Oct. 10, 1984.

J.K. "Rusty" Wall, Midland, for appellant.

J. Scott Henderson, County Atty., Midland, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

This is an appeal from a jury conviction for driving while intoxicated. The jury assessed punishment at thirty days confinement and a probated fine of $500.00. We affirm.

In Ground of Error No. One, we are confronted with the same issue which we discussed in *Nevarez v. State*, 671 S.W.2d 90 (Tex.App.—El Paso 1984, no pet.), the admissibility of refusal to submit to a chemical breath test prior to January 1, 1984.

Appellant complains that over objection, the State was permitted to introduce evidence of his refusal to submit to a breath test. The State relies exclusively upon the Supreme Court decision in *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983). *Neville* simply provided that a South Dakota statute which authorized introduction of such evidence was not repugnant to the Fifth Amendment to the United States Constitution. The Supreme Court position in *Neville* is that introduction of such evidence is a matter of state law. The Texas proscription is founded upon state authority independent of the Fifth Amendment. *Dudley v. State*, 548 S.W.2d 706 (Tex.Crim.App.1977); *Casselberry v. State*, 631 S.W.2d 542 (Tex.App.— El Paso 1982, PDRR); Tex.Const. art. I,

sec. 10; Tex.Code Crim.Pro.Ann. arts. 38.-22 and 38.23 (Vernon 1979 and Supp. 1984).

The present version of Tex.Rev.Civ.Stat. Ann. art. 67011–5, sec. 3(g) (Vernon Supp. 1984) permits evidence of test refusal to be introduced in criminal proceedings. The effective date of this statutory provision is January 1, 1984. The arrest, refusal and trial in this cause all occurred prior to that date. Sections 28(a) and (c) of the amendatory act which brought about this change expressly provide that administrative proceedings are to be governed by the law in effect at the time of refusal to take the test; criminal proceedings by the law in effect at the time of the offense. Act of June 16, 1983, ch. 303, secs. 28(a) and (c), 1983, Tex.Sess.Law Serv. 1568, 1577, 1607 (Vernon).

If we were dealing simply with *Neville* and Article 38.22, the State would be in a much stronger position in cases of this type, arguing that the Texas exclusionary basis rises and falls with the dictates of the Supreme Court's Fifth Amendment analysis. Unfortunately, like the State of South Dakota, our legislature has spoken through Article 38.23 and the 1983 amendment of Article 67011–5, sec. 3(g). The Supreme Court deferred to the state enactments in *Neville* and we must also. The entire framework of our statutes dictates the introduction of such evidence only if the offense occurred after January 1, 1984.

■ Nonetheless, our position on this matter, as in *Nevarez*, must continue to assume the posture of dictum. On the record before us, we are unable to apply our analysis to the merits of Appellant's complaint. In the absence of a proper statement of fact, a reviewing court is unable to pass upon questions pertaining to admissibility of evidence. *Hale v. State*, 509 S.W.2d 637 (Tex.Crim.App.1974); *Dupree v. State*, 309 S.W.2d 243 (Tex.Crim. App.1957); *Hankins v. State*, 163 Tex. Cr.R. 553, 294 S.W.2d 850 (1956).

■ The present case is identical to the procedural facts in *Stockton v. State*, 487 S.W.2d 69, 70 (Tex.Crim.App.1972). There,

the defendant complained of improper "have you heard" questions posed to his character witnesses concerning extraneous bank robbery offenses. The statement of facts on appeal included only final arguments from the guilt-innocence phase and the testimony from the punishment phase, during which the challenged questioning took place. The defendant had filed a designation of record on appeal which made no mention of the statement of facts. The partial statement was completed and approved by the court without objection. The Court of Criminal Appeals held:

On the basis of the record before us ... we are unable to determine whether the testimony concerning the bank robberies had been developed at the guilt or innocence stage, thereby making it admissible at the punishment hearing.

*Stockton*, 487 S.W.2d at 70. In the present case we have a one-page excerpt from the testimony of the arresting officer, relating Appellant's refusal to take the breath test. Appellant's designation of the record on appeal makes no reference to the statement of facts. The record was expressly approved by the court and both sides. The record before us is even less instructive than the one in *Stockton*. We are unable to determine when the challenged question and answer took place in trial—direct examination, redirect examination, or rebuttal during either the guilt-innocence or punishment phases. Without a more developed statement of facts, we are unable to assess the propriety of the court's ruling on this objection. Ground of Error No. One is overruled.

■ In Ground of Error No. Two, Appellant complains of the introduction of his prior conviction for driving while intoxicated which was founded upon a plea of nolo contendere unsupported by other evidence of guilt. The complaint is without merit. Tex.Code Crim.Pro.Ann. art. 27.14 (Vernon 1966); *Brown v. State*, 507 S.W.2d 235 (Tex.Crim.App.1974); *Hollock v. State*, 431 S.W.2d 553 (Tex.Crim.App.1968); Tex.Code Crim.Pro.Ann. art. 37.07 sec. 3(a) (Vernon

1981). Ground of Error No. Two is overruled.

The judgment is affirmed.