William Gerald NABOURS, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–88–059 CR.

Court of Appeals of Texas,
Beaumont.

Sept. 14, 1988.

David M. Cook, Lufkin, for appellant.

Ed C. Jones, County Atty., and John D. Reeves, Asst. County Atty., Lufkin, for appellee.

OPINION

BROOKSHIRE, Justice.

Appellant was found guilty by a jury of the offense of driving while intoxicated. The trial court set punishment at a fine of $500.00 and confinement in the County Jail for two years, probated for a period of two years. Appellant filed a timely motion for new trial. After a hearing on Appellant's motion for new trial, the trial court allowed the motion to be overruled by operation of law. Appellant has perfected this appeal from the judgment of the trial court.

By his first point of error Appellant urges that the trial court erred in denying his motion for new trial because Appellant requested that officers allow him to take a blood test rather than a breath test for alcohol content on the night of his arrest. Appellant argues that the denial by the officers of his repeated requests for a blood test rendered the taking of his breath sample involuntary. Appellant states that his motion for new trial should, therefore, have been granted because of "the involuntariness of the breath test admitted at the time of trial."

Appellant's second point of error urges that the trial court erred in refusing to admit in evidence Appellant's testimony as to all circumstances surrounding his arrest, and the events which occurred after Appellant was placed in custody. Appellant complains that the excluded evidence was material to his medical condition at the time of his arrest, and would have clearly shown that the taking of his breath sample was involuntary, and that a blood test was available, which blood test could have easily been taken.

The only statement of any testimony contained in the record on appeal *is from the hearing on Appellant's motion for new trial.* This hearing was conducted after Appellant was sentenced; it is also referred to as a bill of exception.

Since it was not claimed that any of Appellant's testimony at the motion for new trial hearing was newly discovered, we conclude that Appellant intends by each of his points of error to complain of the trial court's rulings as to the admissibility of evidence at his trial. Clearly, Appellant's first point of error is aimed at obtaining a holding by this Court that a breath test result was inadmissible as a matter of law.

Appellant's second point of error attacks certain alleged rulings of the trial court excluding some types of testimony offered by Appellant at trial. However, since the Statement of Facts filed in this case is incomplete, if not non-existent, this Court is in no position to review questions pertaining to the admissibility of evidence. *Slade v. State,* 400 S.W.2d 570 (Tex.Crim.App.

1966). The record before us does not contain the rulings of the trial court concerning the matters complained of on appeal. Therefore, nothing is presented for review. *Hale v. State,* 509 S.W.2d 637 (Tex.Crim. App.1974).

Appellant's first and second points of error are overruled and the judgment of the trial court is affirmed.

AFFIRMED.