PD-0639-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/29/2015 11:29:12 AM
Accepted 6/29/2015 4:51:32 PM
ABEL ACOSTA
CLERK

No. PD-0639-15

(Court of Appeals No. 05-14-00243-CR)

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

STEVEN LYNN JONES,

Petitioner,

v.

THE STATE OF TEXAS

# PETITIONER'S PETITION FOR DISCRETIONARY REVIEW

On discretionary review from the Court of Appeals
Fifth District of Texas at Dallas

MELVYN CARSON BRUDER

FILED IN
COURT OF CRIMINAL APPEALS

June 29, 2015

ABEL ACOSTA, CLERK

516 Turley Law Center
6440 N. Central Expressway
Dallas, Texas 75206
214.987.3500
214.987.3518  Telecopier

Counsel for Petitioner

## IDENTITY OF JUDGE, PARTIES, AND COUNSEL

The trial court judge in this case was Mark Rusch.

The parties to the judgment in this case are Steven Lynn Jones and the State of Texas.

The names and addresses of all trial and appellate counsel are:

Matt Rolston
Assistant Criminal District Attorney
Collin County Courthouse
2100 Bloomdale Road
McKinney, TX 75071

Trial Counsel for the State of Texas

Joe Greco
207 E. Lamar Street
McKinney, TX 75070

Trial Counsel for Mr. Jones

Justin Johnson
Assistant Criminal District Attorney
Collin County Courthouse
2100 Bloomdale Road
McKinney, TX 75071

Appellate Counsel for the State of Texas

Melvyn Carson Bruder
516 Turley Law Center
6440 N. Central Expressway
Dallas, TX 75206

Appellate Counsel for Mr. Jones

# TABLE OF CONTENTS

Identity of Judge, Parties, and Counsel ................................................................ I

Table of Contents ....................................................................................... ii

Index of Authorities ................................................................................... iv

Statement Regarding Oral Argument ................................................................. 2

Statement of the Case ................................................................................ 2

Statement of the Procedural History of the Case .................................................. 2

Ground for Review .................................................................................... 3

> The court of appeals erred by concluding that Mr. Jones was not deprived of the effective assistance of counsel because his appellate counsel failed to timely file a Rule 20.2 motion and affidavit requesting that Mr. Jones be furnished with an appellate record without charge.

Argument .............................................................................................. 3

Relevant Facts ....................................................................................... 3

How the Court of Appeals Decided The Grounds for Review ................................. 3

Argument ........................................................................................ 5

Conclusion ...................................................................................... 12

Prayer for Relief .................................................................................... 13

Certificate of Service ............................................................................... 14

Certificate of Compliance ........................................................................... 14

Appendix A - Opinion of the Court of Appeals in *Jones v. State* ..................... 15

Appendix B - Order Denying Motion for Rehearing in *Jones v. State* ........... 16

# INDEX OF AUTHORITIES

*Cases*:

*Andrews v. State*
159 S.W.3d 98 (Tex.Crim.App.2005) ........................................... 11

*Bone v. State*
77 S.W.3d 828, 833 (Tex.Crim.App.2002) ............................... 4, 9

*Evitts v. Lucey*
469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) ........... *passim*

*Guillory v. State*
557 S.W.2d 118 (Tex.Crim.App.1977) ........................................ 10

*Jones v. State*
No. 05-14-00243-CR (Tex.App. – Dallas Mar. 13, 2011) ..... *passim*

*Oldham v. State*
977 S.W.2d 354 (Tex.Crim.App.1998) ........................................ 11

*Ex parte Perez*
479 S.W.2d 283 (Tex.Crim.App.1972) ................................... 10, 11

*Prudhomme v. State*
28 S.W.3d 114 (Tex.App. – Texarkana 2000) ......................... 5, 11

*Reese v. State*
481 S.W.2d 8411 (Tex.Crim.App.1972) ...................................... 6

*Strickland v. Washington*
466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1987) .......... *passim*

*Ward v. State*
740 S.W.2d 794 (Tex.Crim.App.1987) ................................. *passim*


*Constitutions*:

U.S.CONST.amend VI ......................................................... 9, 10
U.S.CONST.amend XIV ................................................... *passim*

**Rules**:

TEX.R.APP.P. 4.1 ............................................................................. 3

TEX.R.APP.P. 20.2 ................................................................... *passim*

TEX.R.APP.P. 25.2 ............................................................................. 5

TEX.R.APP.P. 33 ............................................................................. 6

TEX.R.APP.P. 34 ............................................................................. 6

No. PD-0639-15

(Court of Appeals No. 05-14-00243-CR)

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

STEVEN LYNN JONES,

Petitioner,

v.

THE STATE OF TEXAS

# **PETITIONER'S PETITION FOR DISCRETIONARY REVIEW**

On discretionary review from the Court of Appeals
Fifth District of Texas at Dallas

TO THE COURT OF CRIMINAL APPEALS OF TEXAS:

STEVEN LYNN JONES, Petitioner, petitions this Court to grant discretionary review to review the judgment of the Court of Appeals for the Fifth District of Texas affirming his conviction for arson because the court of appeals has decided an

-1-

important question of law in a way that conflict with applicable decisions of this Court and of the Supreme Court of the United States. *See* TEX.R.APP.P. 66.3©.

In particular, the court of appeals erred in concluding that Mr. Jones was not deprived of the effective assistance of counsel because he failed to timely file a motion and affidavit requesting that he be furnished with an appellate record without charge, as required by Rule 20.2.[1]

## STATEMENT REGARDING ORAL ARGUMENT

Mr. Jones believes that oral argument will be helpful to the Court in resolving the grounds for review because of the nature of the issues presented in the ground for review.

## STATEMENT OF THE CASE

This is an appeal from a conviction for arson.[2] However, the ground for review in this case involve issues related to whether Mr. Jones's appellate counsel was ineffective because he failed to timely file a motion and affidavit under Rule 20.2 that Mr. Jones be provided with a record on appeal without charge to him.

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

The court of appeals affirmed Mr. Jones's conviction on 13 March 2015. *Jones v. State*, No. 05-14-00243-CR, Tex.App. – Dallas, 13 March 2011, unpublished.[3] A

---

[1] TEX.R.APP.P. 20.2.

[2] Clerk's Record (CR) 29 (Judgment).

[3] A copy of that opinion is appended hereto as Appendix A.

timely-filed motion for rehearing[4] was denied on 29 April 2015.[5]

## GROUND FOR REVIEW

The court of appeals erred by concluding that Mr. Jones was not deprived of the effective assistance of counsel because his appellate counsel failed to timely file a Rule 20.2 motion and affidavit requesting that Mr. Jones be furnished with an appellate record without charge.

## ARGUMENT

### RELEVANT FACTS

Mr. Jones was sentenced on 11 February 2014.[6] He filed a notice of appeal on 27 February 2014.[7] A Request for Appellate Record and Affidavit in Support of Request for Appellate Record were filed on 14 April 2014.[8] Following a hearing on that request held on 28 April 2014, the trial court ruled that Mr. Jones was not indigent[9] and concluded in his Findings of Fact and Conclusions of Law that "[t]he affidavit was filed after the time period permitted by TEX.R.APP.PROC. 20.2."[10]

### HOW THE COURT OF APPEALS DECIDED GROUND FOR REVIEW NO. 1

Mr. Jones argued to the court of appeals that the failure of his appellate counsel

---

[4] The Petitioner filed his motion for rehearing on 13 April 2015, which was the Monday after 12 April 2013, the day on which the motion was due to be filed. *See* TEX.R.APP.P. 4.1.

[5] A copy of the order denying the motion for rehearing is appended to this petition as Appendix B.

[6] CR 29 (Judgment).

[7] CR 47.

[8] CR 53, 55.

[9] Reporter's Record (RR) 19.

[10] Supplemental Clerk's Record 4.

to timely request an appellate record without charge to him constituted ineffective assistance of counsel, citing *Evitts v. Lucey*[11] and *Ward v. State*.[12] Appellant's Brief at 8-9, *Jones v. State*, *supra*. He further argued that based on the standard of review set out in *Evitts* and in *Ward*, all of the facts necessary to a resolution of the ineffective-assistance-of-counsel issue were before the court and that the issue was capable of being resolved without the necessity of developing additional facts. *Id*. at 10.

The court of appeals correctly concluded that Mr. Jones's request to have the appellate record furnished to him without charge was filed late.[13] The court addressed Mr. Jones's argument that his counsel was ineffective because of his failure to timely file a Rule 20.2 motion and affidavit as follows:

> Jones also argues that we should reverse the trial court's decision because the failure to timely file the rule 20.2 motion and affidavit was due to the ineffective assistance of counsel. Under normal circumstances, however, the record on direct appeal will not be sufficient to demonstrate that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone v. State*, 77 S.W.3d 828, 833 (Tex.Crim.App.2002). The present case is no different. Jones's counsel did not specifically discuss the deadline for requesting a free reporter's record, but his testimony at the April 2014 hearing suggests that the March 21, 2014 bond hearing was the first time he had any actual notice Jones might be indigent. It is also possible that counsel may have believed, prior to the bond hearing, that since Jones was represented by retained counsel, he would not be able

---

[11]   469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).

[12]   740 S.W.2d 794 (Tex.Crim.App.1987).

[13]   *Jones v. State*, *supra*, slip op. 5 ("the record supports the trial court's conclusion that Jones's request for a free appellate record was untimely, and the trial court could have denied Jones's motion based on his failure to exercise due diligence in asserting his indigence").

> to meet the evidentiary showing required to establish that he was indigent. *See* TEX.CODE CRIM.PROC.ANN. art. 1.051(b) (defining "indigent" person as one "not financially able to employ counsel")*; Eastley v. State*, 248 S.W.3d 272, 279-80 (Tex.App – Houston [1st Dist.] 2007, pet.ref'd). Without a more complete record, we simply cannot conclude counsel provided ineffective assistance. *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex.Crim.App.2005).

*Jones*, *supra*, 9-10.

Mr. Jones filed a Motion for Rehearing in which he reurged that the rule set out in *Evitts* and *Ward* applied in this case, discussed that rule and compared it with the rule in *Strickland*,[14] and noted that the court of appeals wholly ignored his argument based on *Evitts* and *Ward* in its original opinion. Appellant's Motion for Rehearing 3-7, *Jones v. State*, *supra*. The motion was overruled without opinion or comment.

## ARGUMENT

It is beyond peradventure that when a state elects to provide appellate review following a conviction for crime, the Due Process Clause of the Fourteenth Amendment commands that an accused be provided with an appellate record in order that his appeal be adequate and effective, and that he have the effective assistance of counsel. *Evitts*, *supra*, 469 U.S. at 394-97; *Ward*, *supra*, 740 S.W.2d at 796, 799-801. Texas provides for appellate review of criminal convictions.[15] Therefore, a person who appeals his conviction is is entitled to the effective assistance of counsel, whether that counsel is appointed or retained. *Evitts*, *supra*; *Ward, supra; Prudhomme v. State*, 28 S.W.3d 114, 119 (Tex.App. – Texarkana 2000, no pet.).

---

[14]   *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1987).

[15]   TEX.R.APP.P. 25.2.

In Texas, appellate review is based exclusively on an appellate record, which consists of a clerk's record and a reporter's record.[16] Without a reporter's record no meaningful appellate review of a criminal conviction is possible; the absence of a reporter's record renders an appeal a "meaningless ritual." *Ward*, *supra*, 740 S.W.2d at 800; *and see Reese v. State*, 481 S.W.2d 841, 842 (Tex.Crim.App.1972). Thus, the failure of an appellate attorney to take the necessary steps required by law to obtain a reporter's record for the appellant's use on appeal deprives the appellant of a meaningful appellate review of his conviction and amounts to ineffective assistance of counsel. In *Evitts* and in *Ward* the courts concluded that the failures of the appellants' counsel "to comply with a simple procedural rule" that operated to deny the appellants an opportunity at a meaningful time and in a meaningful manner to present their appeals amounted to ineffective assistance of counsel. *See Ward*, *supra*, 740 S.W.2d at 800. The same scenario occurred in this case; however, the court of appeals did not reach the same result as in *Evitts* and in *Ward*.

In *Evitts* the accused's retained "counsel failed to file a statement of appeal when he filed his brief and record on appeal." Because of that failure the Kentucky appellate court dismissed Lucey's appeal. For seven years thereafter Lucey pursued his effort to obtain a meaningful appellate review of his conviction, eventually challenging the dismissal of his appeal "on the ground that the dismissal [of his appeal] deprived him of his right to effective assistance of counsel on appeal guaranteed by the Fourteenth Amendment." *Evitts*, *supra*, 469 U.S. at 391. The issue

---

[16] *Id*. 33 and 34.

-6-

decided in *Evitts* was "whether the state court's dismissal of the appeal, despite the ineffective assistance of [Lucey's] counsel on appeal, violates the Due Process Clause of the Fourteenth Amendment." *Id*. at 391. That issue was framed based on the legal conclusion that Lucey "indeed received ineffective assistance of counsel on appeal" because "his counsel's failure to obey a simple court rule" had the drastic consequence of depriving Lucey of meaningful appellate review of his conviction. *Id*. at 392.

In *Ward* the accused's appointed counsel, who represented him at his probation revocation proceeding, timely filed a notice of appeal but "fail[ed] to designate timely the record and therefore fail[ed] to have a statement of facts included in the appellate record." *Ward*, *supra*, 740 S.W.2d at 795. This Court held that the attorney who filed the notice of appeal was obligated to continue his representation of Evans, unless and until he was relieved, but because he filed neither a statement of facts or a brief he "performed no duties necessary to an adequate appeal," *id*. at 799, and concluded that he rendered ineffective assistance. *Id*. at 800. The *Ward* Court explained the holding in *Evitts*, and its application to *Ward* as follows:

> In *Evitts v. Lucey* [citation omitted] the Supreme Court held that there is a constitutional guarantee of effective assistance of counsel on appeal in every criminal prosecution, *whether counsel is appointed or retained*. In *Evitts*, a defendant's retained counsel filed notice of appeal, brief and record. Counsel failed to submit a statement of facts required by the Kentucky Rules of Appellate Procedure. The Kentucky Court of Appeals dismissed the defendant's appeal for failure to file a statement of facts. The Supreme Court ultimately affirmed the granting of a writ of habeas corpus on the ground that the appellant had been denied effective assistance of counsel The Supreme Court held:
>
> In bringing an appeal as of right form his conviction, a criminal

-7-

defendant is attempting to demonstrate that the conviction, and the consequent loss of liberty, is unlawful. To prosecute the appeal, a criminal defendant must face an adversary proceeding that like a trial is governed by intricate rules that to a layperson would be hopelessly forbidding. An unrepresented appellant like an unrepresented defendant at trial is unable to protect the vital interests at stake. To be sure, respondent did have nominal representation when he brought this appeal. But nominal representation on an appeal as of right like nominal representation at trial does not suffice to render the proceedings constitutionally adequate; a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all. *Id.*, 105 S.Ct. at 836.

The Supreme Court held that counsel's failure to file the statement of facts constituted a lack of effective assistance of counsel on appeal in violation of the Due Process Clause of the Fourteenth Amendment. The Court noted, "counsel's failure was particularly egregious in that it essentially waived respondent's opportunity to make a case on the merits; it is difficult to distinguish respondent's situation from that of someone who had no counsel at all." *Id.* at 835, fn.6.

In this regard the appellant's situation and that in *Evitts* are factually similar. Furthermore, the failure of counsel in each case to comply with a simple procedural rule operated to deny appellant an opportunity at a meaningful time and in a meaningful manner to present his appeal. *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62, 66 (1965). In Texas, the absence of a statement of facts severely limits appellate review. *Hale v. State*, 509 S.W.2d 637 (Tex.Cr.App. 1974); *Bush v. State*, 370 S.W.2d 875 (Tex.Cr.App.1963). Consequently, the absence of a statement of facts renders appellant's appeal a "meaningless ritual." *Evitts*, 469 U.S. at 394, 105 S.Ct. At 834, 83 L.Ed.2d at 828.

Because Ward "as a practical matter received *no* assistance as to the substantive issues that may be presented on appeal," this Court concluded that he had been denied his right to effective assistance of counsel on appeal in violation of the Fourteenth Amendment. *Ward*, *supra*, at 800.

The conclusion of the court of appeals that the record in this case is not

"sufficient to demonstrate that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the presumption that counsel's conduct was reasonable and professional" and requires the development of additional facts in order to assess whether Mr. Jones's was provided ineffective assistance, *id*. at 9-10, ignores the holdings in *Evitts* and *Ward*, which specifically address the adequacy of assistance of appellate counsel, as well as the holdings in cases construing *Strickland* that require review of the merits of ineffective assistance claims where the facts necessary to resolution of those claims are contained in the record.[17]

### APPLICABILITY OF STRICKLAND

In *Strickland* the Supreme Court held that the Sixth Amendment right to counsel includes the right to effective assistance of counsel, in the context of trial proceedings, *Strickland*, *supra*, 466 U.S. at 688-90, and established standards for judging the effectiveness of counsel's performance. *Id*. at 690-95. These standards require an accused to prove, by a preponderance of the evidence, that his counsel's representation fell below the objective standard of professional norms, and that his deficient performance prejudiced his defense. *Bone v. State*, *supra*, 77 S.W.3d at 833. And, appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance. *Id*. Thus, "[u]nder normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so

---

[17] The court of appeals ignored all of these cases, despite being provided with them by Mr. Jones in his brief and in his Motion for Rehearing.

deficient and so lacking in tactical or strategic decisionmaking as to overcome the presumption that counsel's conduct was reasonable and professional." *Id*.

Several exceptions apply to the foregoing conclusion, all of which have some application in this case. First, "[i]n certain Sixth Amendment contexts, prejudice is presumed" - "[a]ctual or constructive denial of the assistance of counsel is legally presumed to result in prejudice." *Strickland*, *supra*, 466 U.S. at 692. Because Mr. Jones's counsel wholly failed to assure Mr. Jones's right to a reporter's record on appeal by not following a simple procedural rule, that failure constituted an actual or constructive denial of the assistance of counsel. *Evitts*; *Ward*. This is particularly appropriate in light of *Strickland*'s command that ineffective assistance claims be assessed in terms of "whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." *Strickland*, *supra*, 466 U.S. at 696. The inaction upon which the ineffectiveness of Mr. Jones's counsel is based deprived Mr. Jones of appellate review of the merits of his conviction. *See Guillory v. State*, 557 S.W.2d 118 (Tex.Crim.App.1977). As stated in *Evitts* and in *Ward*, it is difficult to imagine a harsher, more unjust consequence than not having the merits of a conviction reviewed on appeal because of the failure to an appellate counsel to take a simple procedural step. *See Ex parte Perez*, 479 S.W.2d 283 (Tex.Crim.App.1972) (awarding an accused a new trial because he was deprived of an appeal and no reporter's record was available upon which an out-of-time appeal could have been based).

Second, where the existing appellate record establishes ineffective assistance of counsel, there is no need for the development of other facts in a post-conviction proceeding and the issue should therefore be addressed on direct appeal. *Andrews v. State*, 159 S.W.3d 98, 103 (Tex.Crim.App.2005); *Oldham v. State*, 977 S.W.2d 354, 360 (Tex.Crim.App.1998); *Prudhomme v. State*, *supra*. In this case the record is clear: Mr. Jones's' appellate counsel failed to take the necessary steps to assure that Mr. Jones had the benefit of a reporter's record in connection with his appeal. As stated in *Evitts*, *Ward*, and *Perez*, this is the type of failure in which prejudice is presumed because there has been an "actual or constructive denial of the assistance of counsel altogether." *Strickland*, *supra*, 466 U.S. at 692.

The court of appeals indulgence in speculation that it is possible Jones's counsel first became aware Jones was indigent after the time for filing the Rule 20.2 motion or that because Jones was represented by retained counsel he would not be able to meet the evidentiary showing required to establish indigency, *Jones*, *supra*, slip op. 9, ignores the obvious. The strategic choices of counsel are not evidence of ineffective assistance if those choices are based on professional judgment. *Strickland*, *supra*, 466 U.S. at 681. In this case there was no possible reasonable strategy that would support the failure of Mr. Jones's counsel to take the necessary steps to assure that Mr. Jones would have the benefit of a reporter's record for use in connection with his appeal. Thus, counsel's reasons, if any, for failing to timely file a Rule 20.2 motion are unnecessary to resolve the claim of ineffective assistance of counsel. *Andrews*, *supra*.

When evaluated under *Evitts* and *Ward*, the failure of Mr. Jones's appellate counsel to timely file a Rule 20.2 motion and affidavit was ineffective assistance as a matter of law. "Counsel's failure was particularly egregious in that it essentially waived respondent's opportunity to make a case on the merits; it is difficult to distinguish respondent's situation from that of someone who had no counsel at all." *Evitts*, 469 U.S. at 835 n. 6, quoted in *Ward*, *supra*, 740 S.W.2d at 799. "[T]he failure of counsel in each case to comply with a simple procedural rule operated to deny appellant an opportunity at a meaningful time and in a meaningful manner to present his appeal." *Ward*, *supra*, 740 S.W.2d at 800.

And, when evaluated under *Strickland*, the failure of Mr. Jones's counsel on appeal to file the Rule 20.2 motion and affidavit constitutes ineffective assistance of counsel for the very same reasons as set forth in *Evitts* and *Ward* because there is no legitimate, reasonable basis upon which it can be said that the failure of Mr. Jones's appellate counsel to timely file a Rule 20.2 motion and affidavit was a reasonable strategic choice, given that the failure deprived Mr. Jones of appellate review of his conviction. The failure to file a Rule 20.2 motion in this case is one of those situations in which there is an actual or constructive denial of counsel and prejudice is legally presumed. *Strickland*, *supra*, 466 U.S. at 692.

Discretionary review should be granted so that the effectiveness *vel non* of Mr. Jones's counsel on appeal in failing to timely file a Rule 20.2 motion and affidavit can be reviewed under the standards set forth in *Evitts* and *Ward*, or under the

*Strickland* standard, all of which were ignored by the court of appeals in reaching its decision.

## PRAYER FOR RELIEF

Mr. Jones prays that this Court grant discretionary review to review the decision of the court of appeals in this case because the court of appeals failed to apply the appropriate standard in resolving whether Mr. Jones's counsel was ineffective for failing to timely file a Rule 20.2 motion and affidavit, thereby depriving Mr. Jones of appellate review of the merits of his conviction.

Respectfully submitted,

/s/   Melvyn Carson Bruder

MELVYN CARSON BRUDER

TSBN 03241000
6440 North Central Expressway
516 Turley Law Center
Dallas, Texas 75206
214.987.3500
214.987.3518  FAX
melvyn@melvynbruderlaw.com

Counsel for the Petitioner

-13-

## CERTIFICATE OF SERVICE

I certify that on 29 June 2015 a true and correct copy of the foregoing Petitioner's Petition for Discretionary Review was served upon counsel for the State of Texas in this case and upon the State Prosecuting Attorney via electronic filing and via first class United States mail, postage prepaid, in Dallas, Texas.

/s/    Melvyn Carson Bruder

---

MELVYN CARSON BRUDER

## CERTIFICATE OF COMPLIANCE

I certify that this petition contains 4016 words based on the word count of the Word Perfect X5 program used to prepare the petition.

/s/    Melvyn Carson Bruder

---

MELVYN CARSON BRUDER

# APPENDIX A

## OPINION OF THE COURT OF APPEALS IN *JONES V. STATE*



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-14-00243-CR

**STEVEN LYNN JONES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-82891-2011**

## OPINION

Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Myers

A jury convicted appellant Steven Lynn Jones of arson and assessed punishment at seven years in prison. In two issues, appellant argues the trial court erred by denying his request for a free reporter's record. We affirm.

### BACKGROUND AND PROCEDURAL HISTORY

Jones was charged by an indictment with the offense of arson. Following his conviction by a jury and the imposition of a seven-year prison sentence on February 11, 2014, Jones timely filed his notice of appeal from the conviction and sentence on February 27, 2014. Thereafter, on April 14, 2014, he filed a request for an appellate record, and an affidavit in support of his request, seeking the preparation of the reporter's record of his trial at no cost to him for use in the appeal of his conviction and sentence. On April 28, 2014, a hearing was held on the request, at the conclusion of which the trial court stated: "Mr. Jones, you're not indigent. Your request to

have the taxpayers of this county pay for an appellate record is denied and overruled." The following day, April 29, Jones requested via letter that the trial court enter findings of fact and conclusions of law. On May 29, 2014, the trial court signed its findings of fact and conclusions of law.

The trial court found, among other things, that "[t]he cost of the reporter's record would be approximately $7,000"; that Jones's affidavit contained information that was "inaccurate, misleading, and false on the date the affidavit was signed," i.e., "[t]he affidavit claimed the defendant was currently incarcerated, when he was not," and "[t]he affidavit claimed that the defendant was unable to make $50,000 bail, when in fact he was out on bail"; that Jones's testimony "was inconsistent with the contents of the affidavit"; that "[b]ased on the defendant's testimony and other testimony in the record, the defendant's affidavit in support of request for [an] appellate record lacks credibility"; and that "[t]he affidavit was filed after the time period permitted" by rule 20.02 of the Texas Rules of Appellate Procedure. The court concluded as follows: (1) "The defendant's request for a free appellate record was untimely"; (2) "[t]he defendant did not make a *prima facie* showing of indigency"; and (3) "[t]he defendant is not indigent for purposes of his appeal."

## DISCUSSION

Jones advances two issues in this appeal, arguing that (1) the trial court erred to the extent it denied appellant's request for a free reporter's record of his trial because Jones failed to timely file the motion and affidavit in support of his request for a free reporter's record; and (2) the trial court erred by finding that Jones did not make a prima facie showing of indigence, that he is not indigent for purposes of this appeal, and that appellant is not entitled to a free reporter's record of his trial. Because these issues are related, we address them together.

Texas Rule of Appellate Procedure 20.2 provides that "an appellant who is unable to pay

–2–

-17-

for the appellate record may, by motion or affidavit, ask the trial court to have the appellate record furnished without charge." TEX. R. APP. P. 20.2. "If after hearing the motion the court finds that the appellant cannot pay or give security for the appellate record, the court must order the reporter to transcribe the proceedings." *Id.* The rule, however, also specifies that the request to have the appellate record furnished without charge must be made "within the time for perfecting the appeal." *Id.* The time a criminal defendant has to perfect an appeal is specified under rule of appellate procedure 26.2 as within 30 days after the day the sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a).

Factors relevant to an indigence determination include the defendant's income, source of income, assets, property owned, outstanding obligations, necessary expenses, the number and ages of dependents, spousal income available to the defendant, and the ability to post bail insofar as that ability reflects the defendant's financial circumstances as measured by the other factors. *McFatridge v. State*, 309 S.W.3d 1, 6 (Tex. Crim. App. 2010); *Whitehead v. State*, 130 S.W.3d 866, 878 (Tex. Crim. App. 2004). The trial court may also consider a defendant's ability to borrow money as the court determines how the defendant's assets and property relate to the ability to pay, but a defendant should not be required to borrow money that can never be repaid without depriving him of the necessities of life. *See Whitehead*, 130 S.W.3d at 878; *but see Abdnor v. State*, 712 S.W.2d 136, 142 (Tex. Crim. App. 2007) (outside sources such as relatives or even employers may not be considered unless they are legally bound to pay for the defendant's appellate expenses). The expense involved in hiring counsel and paying for the appellate record is also a valid consideration. *Whitehead*, 130 S.W.3d at 878.

The trial court determines indigence on a case-by-case basis as of the time the issue is

–3–

-18-

raised and not as of some prior or future time. *See id.* at 874 (quoting *Gray v. Robinson*, 744 S.W.2d 604, 607 (Tex. Crim. App. 1988) (en banc)). The trial court follows a two-step process to determine the issue of indigence: (1) the defendant must make a prima facie showing of indigence, and (2) once the defendant makes a prima facie showing of indigence, the burden shifts to the State to show that the defendant is, in fact, not indigent. *See id.* (citing *Snoke v. State*, 780 S.W.2d 210, 213 (Tex. Crim. App. 1989) (per curiam)). In deciding whether the defendant has made a prima facie showing of indigence, "the trial court does not have the nearly unfettered discretion seen in other contexts to simply disbelieve the defendant's evidence of indigence." *Id.* at 875. Instead, the court may disbelieve a defendant's allegation of indigence only if there is a reasonable, articulable basis for doing so, either because there is conflicting evidence or because the evidence submitted is in some manner suspect or inadequate. *See id.* at 876.

The trial court's indigence determination is reviewed on appeal for an abuse of discretion. *See Newman v. State*, 937 S.W.2d 1, 3 (Tex. Crim. App. 1996). After a defendant establishes a prima facie showing of indigence, an appellate court will uphold a determination that the defendant is not indigent only if the record contains evidence supporting such a determination. *McFatridge*, 309 S.W.3d at 6. The trial court is not completely free to disbelieve the defendant's assertions concerning his financial status, but it may disbelieve the defendant's assertions "if there is a reasonable, articulable basis for doing so, either because there is conflicting evidence or because the evidence submitted is in some manner suspect or determined by the court to be inadequate." *Whitehead*, 130 S.W.3d at 876.

As the reviewing court, it is not our role to determine whether the appellant is indigent for purposes of appeal. *See McFatridge*, 309 S.W.3d at 9. Rather, we must determine if the evidence produced at the indigence hearing supports the trial court's non-indigence

–4–

determination. *See id.* Moreover, as the reviewing appellate court, we may not consider facts that were not developed in the record. *Id.* at 6.

In this case, Jones did not file a motion for new trial; thus, he had to perfect his appeal within 30 days after February 11, 2014, the day his sentence was imposed. TEX. R. APP. P. 26.2(a). The deadline, therefore, for requesting a free reporter's record was March 13, 2014. TEX. R. APP. P. 20.2. Jones, however, did not file his motion and supporting affidavit until April 14, 2014. "To obtain a free record, the defendant must exercise due diligence in asserting his indigence and must sustain his allegations at the hearing." *Whitehead*, 130 S.W.3d at 876. Due diligence requires that an appellant timely file the affidavit attesting to his indigence. *See Snoke v. State*, 780 S.W.2d 210, 212–13 (Tex. Crim. App. 1989) ("In order to obtain a statement of facts free of charge, a defendant claiming indigency status must first exercise due diligence in asserting his indigency, including timely filing his affidavit, and second, he must sustain the allegations of his affidavit as to indigency at the hearing."); *Gray v. State*, 928 S.W.2d 561, 562 (Tex. Crim. App. 1996) ("As we made unmistakably clear in *Abdnor*, an appellant who timely filed his indigency affidavit had exercised the requisite 'due diligence.'"); *Abdnor*, 712 S.W.2d at 141 ("It is well established that due diligence requires an appellant to timely file a pauper's oath in order to secure a free statement of facts."); *see also Curlin v. State*, 881 S.W.2d 513, 515 (Tex. App.—Dallas 1994, no pet.). Thus, the record supports the trial court's conclusion that Jones's request for a free appellate record was untimely, and the trial court could have denied Jones's motion based on his failure to exercise due diligence in asserting his indigence. *See Whitehead*, 130 S.W.3d at 876–77.

Furthermore, even if we assume Jones exercised due diligence in asserting his indigence, the record supports the trial court's conclusion that appellant did not make a prima facie showing of indigence. We begin with the affidavit filed by Jones, which reads in part as follows:

–5–

My name is Steven Lynn Jones. I am the defendant/appellant in *State v. Steven Lynn Jones*, No. 401–82891–2011, wherein I was convicted of arson and sentenced to seven (7) years['] confinement.

I am currently incarcerated in that case serving my sentence. Bail has been set in the case at $50,000.00, which I am unable to make.

I have been advised the cost to him [sic] for preparing the reporter's records of the trial proceedings in this case, which I am told are essential to an appellate review of the conviction and sentence in this case, will exceed $7,000.00.

I have between $500.00 and $1,000.00 available to me. I do not have funds or property with which to pay or give security for the payment of the cost of preparing the reporters['] records in this case, based on the estimate provided to me for the preparation of those records. I do not have the ability to borrow any funds with which to pay the cost of the preparation of the court reporters['] records in this case.

At the April 28, 2014 hearing on his request, Jones, by that time out of jail pursuant to an appeal bond, testified that he had no savings or property. He received $1,500 per month in Social Security benefits and, for another one or two months, would receive $1,800 per month from the sale of his bakery. His monthly expenses for rent, food, gas, and utilities totaled approximately $1,500, of which Jones paid approximately $1,400 per month in rent to his daughter, who owned the house where he lived. Jones testified that he did not think his daughter could reduce his rent because the rent equaled her monthly payment, but he never asked her to reduce the rent. Jones owned a 2011 Toyota Camry that had a $14,000 lien and for which he was paying approximately $260 per month. He owned a Seiko watch valued at "[m]aybe a hundred [dollars]." He spent approximately $30 per month for internet access and $150 for cigarettes. He had no dependents he was supporting. He was unemployed and believed that, at his age, he had no realistic prospects for employment in the near future, having been "turned down everywhere I've applied." Jones testified that he had visited a casino the night before, but he maintained that he merely "drove my ex-wife up there and drove back"; he did not gamble. He testified that he had not filed a federal income tax return for 2013 because he did not earn

–6–

-21-

sufficient funds to require the filing of the return. He testified that his attorney on appeal was hired for him by his daughter and that his former wife paid for his bond pending appeal.

Jones's counsel testified at the April 2014 hearing that he was retained by Jones's daughter to represent her father, and that, shortly after being retained, he contacted the court reporter and obtained an estimate for the cost of the reporter's record, which was "going to be in excess of $7,000." Counsel testified that he sent a letter to Jones's daughter in March, and copied Jones, notifying her of the cost of the record and asking her to contact him, but he "never did hear back from her."[1] Counsel added that he "discussed the matter" with Jones during the hearing on Jones's request for an appeal bond, which, according to the trial court's docket sheet, occurred on March 21, 2014. Jones indicated that he believed his daughter did not "have any money to speak of to pay for the record," that he "certainly did not," and the conclusion counsel reached "was that it would be necessary to file the affidavit."

Jones's testimony at the hearing conflicted with some of the statements in his affidavit, and the affidavit omitted various income and property. In his affidavit, Jones stated that he had "between $500.00 and $1,000.00 available to me." But during the hearing, Jones testified, "I've got nothing" and "I've got no savings, no property." The affidavit did not mention that, excluding the cash on hand, Jones's $1,500 monthly social security benefits and the $1,800 per month from the sale of his business gave him an income of approximately $3,300 per month. Appellant testified that the $1,800 would be paid to him for another one or two months, but there is no additional evidence in the record regarding the sale of the business or precisely how long those payments would continue. Jones's affidavit also failed to mention the 2011 Toyota Camry, and there was no evidence in the record regarding the value of the vehicle or whether Jones

---

[1] Jones alleged in his brief that counsel wrote the letter to his daughter on March 11, 2014, but neither the date of the letter nor its contents is in the record.

attempted to sell it. *See Taylor v. State*, 799 S.W.2d 445, 447 (Tex. App.—Houston [1st Dist.] 1990, no pet.) (appellant had an automobile, a pendant, and a chain, but record did not show the value of these items, there was no testimony regarding any attempts to sell them, and appellant offered no testimony as to the value of the automobile or whether the car's value was greater than any amount owed on it).

Additionally, the record shows appellant had monthly income that was available for at least a partial payment towards the cost of the reporter's record. Excluding the cash on hand mentioned in the affidavit, and adding up all of appellant's stated monthly income and expenses, he would have had approximately $1,360 per month, and possibly more, available to him.[2] And assuming the $1,800 payments continued for two months, appellant, according to his testimony, would have had, excluding cash on hand, over $2,700 to pay towards the cost of the reporter's record. Further, there is no evidence that the approximate $7,000 cost for the preparation of the reporter's record had to be paid for in advance. *See Whitehead*, 130 S.W.3d at 879 (noting that "appellant failed to introduce before the trial court competent evidence of the cost of the record or that the record would have to be paid for in advance"); *Hornsby v. State*, 65 S.W.3d 801, 803–04 (Tex. App.—Houston [1st Dist.] 2001, no pet.) ("[T]he judge could have concluded appellant had at least $200 per month, and possibly $300 per month, available after expenses to use to pay for the record. Appellant did not state that she had ever requested a payment schedule from the court reporter, an option that may have allowed her to pay for the record."). Moreover, the trial court could have reasonably believed that appellant's summary of expenses included unnecessary items. *See Whitehead*, 130 S.W.3d at 879.

When we examine the record in this case in its entirety, we cannot say the trial court was

---

[2] The calculation is as follows: $3,300 in monthly income minus $1,400 for rent, $100 for food, gas and utilities (reflecting appellant's stated estimate of $1,500 per month for rent, food, gas, and utilities), $30 for internet access, $150 for cigarettes, and a $260 car payment, leaves a net monthly income of $1,360.

–8–

unreasonable in finding appellant did not make a prima facie showing that he was indigent. While the court does not have "the nearly unfettered discretion" to simply disbelieve Jones's evidence, here, the record contains reasonable and articulable bases for disbelieving Jones's claim of indigence and for determining that he failed to make a prima facie showing of indigence. *See id.* at 875–76. The trial court articulated those bases in its findings of fact and conclusions of law. The record supports the court's finding that appellant's testimony was inconsistent with the contents of the affidavit. In addition, as the court stated in its findings, appellant's affidavit incorrectly stated that appellant was in jail and unable to make bond. We therefore conclude that the evidence supports the trial court's determination that appellant did not make a prima facie showing of indigence. Based on the record before us, the trial court did not abuse its discretion by denying appellant's request for a free reporter's record on appeal.

Jones also argues that we should reverse the trial court's decision because the failure to timely file the rule 20.2 motion and affidavit was due to the ineffective assistance of counsel. Under normal circumstances, however, the record on direct appeal will not be sufficient to demonstrate that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). The present case is no different. Jones's counsel did not specifically discuss the deadline for requesting a free reporter's record, but his testimony at the April 2014 hearing suggests that the March 21, 2014 bond hearing was the first time he had any actual notice Jones might be indigent. It is also possible that counsel may have believed, prior to the bond hearing, that since Jones was represented by retained counsel, he would not be able to meet the evidentiary showing required to establish that he was indigent. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(b) (defining "indigent" person as one "not financially able to employ counsel"); *Easily v. State*, 248 S.W.3d

–9–

272, 279–80 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).  Without a more complete record, we simply cannot conclude counsel provided ineffective assistance.  *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).  We overrule appellant's first and second issues.

## CONCLUSION

Because we conclude the trial court did not abuse its discretion by denying Jones's request for a free reporter's record, and because Jones neither raises nor identifies any issues relating to his conviction and sentence, we affirm the judgment of conviction.

/ Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140243F.U05

–10–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

STEVEN LYNN JONES, Appellant

No. 05-14-00243-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas
Trial Court Cause No. 401-82891-2011.
Opinion delivered by Justice Myers. Justices Bridges and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 13th day of March, 2015.

# APPENDIX B

## ORDER DENYING MOTION FOR REHEARING IN *JONES V. STATE*

**Order entered April 29, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-14-00243-CR
_____

**STEVEN LYNN JONES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-82891-2011**

## ORDER

Appellant's motion for rehearing is hereby **DENIED**.


/s/    LANA MYERS
        JUSTICE